■ In the Matter of ROBERT PETTERSEN et al., Respondents, v TOWN OF FORT ANN et al., Appellants. [897 NYS2d 919]—

Garry, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered December 15, 2008 in Washington County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

Petitioners are the owners of lakefront properties located within the Town of Fort Ann, Washington County. In May 2005,

petitioners commenced this proceeding pursuant to CPLR article 78 challenging the actions of respondents in allegedly contracting for the selective reassessment of lakefront parcels and incorporating these values within the 2005 tax roll, resulting in an allegedly inequitable apportionment of the total tax burden within the Town. The petition seeks several enumerated forms of declaratory and injunctive relief, essentially declaring the reassessment methodology and the resulting 2005 tax roll unlawful, vacating the tax roll and enjoining its use, remitting for a new tax roll, and awarding costs and disbursements for the proceeding. In February 2008, respondents moved to dismiss the petition on the basis that the two local school districts and Washington County were necessary parties to the proceeding, but had not been joined. Supreme Court denied the motion. Respondents appeal.

We do not reach the merits of the appeal due to procedural infirmities. No appeal as of right lies from a nonfinal order in a CPLR article 78 proceeding (*see* CPLR 5701 [b] [1]; *Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 981 n 1 [2007], *lv denied* 10 NY3d 706 [2008]). The challenged order is nonfinal (*see Matter of Hebel v West*, 25 AD3d 172, 175 n 1 [2005], *lv denied* 7 NY3d 706 [2006]), but respondents neither sought nor were granted leave to appeal (*see* CPLR 5701 [c]). Moreover, the record indicates that the issues presented have been rendered moot by a town-wide reassessment undertaken in 2009. As petitioners expressly seek no refund, the declaratory and injunctive relief that they seek will not affect the substantive rights of the parties (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of King v Jackson*, 52 AD3d 974, 975 [2008]). Thus, we find no reason to exercise our authority to grant leave to appeal sua sponte (*compare Matter of Elcor Health Servs. v Novello*, 295 AD2d 772, 773 n 2 [2002], *affd* 100 NY2d 273 [2003]; *Matter of Swartz v Wallace*, 87 AD2d 926, 927 [1982]) and conclude that the appeal must be dismissed (*see Matter of Dillon All Points v New York State Tax Commn.*, 125 AD2d 848, 849 [1986]).

Mercure, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs. [**Prior Case History: 23 Misc 3d 549.**]