■ In the Matter of DANIEL CASTRO et al., Appellants, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [916 NYS2d 329]—

Appeal from an order of the Supreme Court (Sackett, J.), entered June 23, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion for a severance.

Following an investigation that revealed that petitioners, both prison inmates, had been observing female correction officers through a peep hole in a bathroom wall, they were served individual misbehavior reports charging them with stalking, creating a disturbance and harassing an employee. Following individual tier III disciplinary hearings, petitioner Daniel Castro was found guilty of all charges and assessed a penalty of two years in the special housing unit (hereinafter SHU) and two years recommended loss of good time, while petitioner Al Vega was found guilty of stalking and harassing an employee and was assessed a penalty of one year in the SHU and one year recommended loss of good time. On administrative appeal, respondent dismissed the charge of creating a disturbance against Castro and reduced the penalty to one year in the SHU and one year recommended loss of good time and affirmed the determination and penalties with regard to Vega. Petitioners thereafter commenced this CPLR article 78 proceeding to challenge the determinations of guilt. Thereafter, respondent moved to sever

the matter into two separate proceedings. Supreme Court granted the motion and petitioners now appeal.

We affirm. Initially, we note that the order being appealed from is a nonfinal order that is not appealable as of right and petitioners have failed to request permission for this appeal from either Supreme Court or a justice of this Court (*see* CPLR 5701 [c]; *Matter of Pettersen v Town of Fort Ann*, 72 AD3d 1322, 1323 [2010]; *Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 981 n 1 [2007], *lv denied* 10 NY3d 706 [2008]). However, in the interest of judicial economy, we exercise our authority to grant leave to appeal sua sponte (*see e.g. Matter of Pettersen v Town of Fort Ann*, 72 AD3d at 1323; *Matter of Elcor Health Servs. v Novello*, 295 AD2d 772, 773 n 2 [2002], *affd* 100 NY2d 273 [2003]). Turning to the merits, petitioners here seek to challenge respondent's administrative determinations on substantial evidence grounds. Inasmuch as this necessitates a review of the evidence presented against each petitioner in his separate disciplinary hearing, we do not find a clear abuse of discretion in Supreme Court granting the motion for a severance (*see Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 746 [2003]; *Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844-845 [2001]).

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.