Garry, J.
Appeal from that part of an order of the Supreme Court (Reynolds Fitzgerald, J.), entered December 30, 2011 in Broome County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied respondents’ motion to dismiss the second, third and fourth causes of action.
Petitioner was formerly employed by respondent Johnson City Central School District in the tenured position of Assistant Superintendent for Instruction and Personnel. In April 2010, a teacher filed a complaint against him. Petitioner was placed on paid administrative leave and the parties attempted to negotiate a resolution, without success. He ultimately commenced this CPLR article 78 proceeding seeking reinstatement and a name-clearing hearing. Shortly thereafter, respondent Johnson City Central School District Board of Education voted to abolish the position that petitioner had held, and the parties agreed to adjourn the proceeding to permit petitioner to amend his petition to add claims relative to this and other issues. Petitioner’s amended petition added, as relevant here, a claim for bad faith abolition of his position and a cause of action seeking damages for breach of contract. Respondents answered, asserting affirmative defenses and objections in point of law, and thereafter filed a dual motion pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the claims. Supreme Court treated respondents’ objections in point of law as a CPLR 3211 motion to dismiss the causes of action for a name-clearing hearing and bad faith abolition of petitioner’s position and denied dismissal of both, finding that petitioner had stated causes of action and that discovery was needed upon the bad faith claim. The court treated the dual *1130 motion relative to the remaining claims as a motion for summary judgment, denied the motion as to the cause of action for breach of contract, and granted it as to other claims.[1] Respondents appeal.[2]
Initially, we find that petitioner’s second cause of action seeking a name-clearing hearing should have been dismissed. This claim asserts due process violations based upon respondents’ failure to file charges or otherwise provide petitioner with an opportunity to challenge the claims against him. However, disciplinary charges were later filed against petitioner pursuant to Education Law § 3012 (2) (a), triggering the statutory procedures that afford him the opportunity to confront his accusers and entitle him to a hearing upon request (see Education Law § 3020-a). Petitioner has thus received the relief to which he claimed to be entitled, and this claim is moot (see Matter of Saratoga Harness Racing v Corbisiero, 216 AD2d 776, 777-778 [1995]; see also Matter of Hicks v Department of Educ. of City of N.Y., 2012 NY Slip Op 31594[U], *5 [Sup Ct, NY County 2012]).[3]
We reject respondents’ contention that Supreme Court erred in applying the standards that govern a motion to dismiss pursuant to CPLR 3211 (a) (7) to the claim for bad faith abolishment of the position. This claim seeks relief appropriate to CPLR article 78, and is properly treated as such (see generally Matter of Linney v City of Plattsburgh, 49 AD3d 1020 [2008]; Matter of Lamb v Town of Esopus, 35 AD3d 1004 [2006]). Respondents opposed this claim in the form of objections in point of law in their answer; their subsequent motion pursuant to CPLR 3211 and 3212 merely contended that the previous submission supplied an adequate basis for dismissal of the bad faith claim. In a CPLR article 78 proceeding, objections in point of law may be raised either through a pre-answer motion to dismiss or—as here—in the verified answer {see CPLR 7804 [f]). *1131 Such objections are appropriately afforded review similar in nature to that applied to defenses raised in a pre-answer motion to dismiss pursuant to CPLR 3211 (a). Here, Supreme Court properly addressed the objections in point of law by determining whether summary disposition of the claim was appropriate, employing those standards—that is, the court considered only the face of the petition and any factual affidavits submitted by petitioner to remedy defects in the pleading, deemed the petition’s allegations to be true and ignored respondents’ submissions (see Matter of Albany Law School v New York State Off of Mental Retardation & Dev. Disabilities, 81 AD3d 145, 148 [2011], mod 19 NY3d 106 [2012]; Matter of Green Harbour Homeowners’ Assn. v Town of Lake George Planning Bd., 1 AD3d 744, 745 [2003]).
A school district may abolish a position, even when this results in the discharge of a tenured employee, so long as it “has made a good faith determination based on economic considerations” (Matter of Gross v Board of Educ. of Elms ford Union Free School Dist., 78 NY2d 13, 16-17 [1991]; see Matter of Cohen v Crown Point Cent. School Dist., 306 AD2d 732, 733 [2003]). To demonstrate that his position was abolished in bad faith, petitioner was required to show that the position was not eliminated for bona fide reasons, that savings were not accomplished or that a replacement employee was hired (see Matter of Linney v City of Plattsburgh, 49 AD3d at 1021; Matter of Mucci v City of Binghamton, 245 AD2d 678, 679 [1997], appeal dismissed 91 NY2d 921 [1998], lv denied 92 NY2d 802 [1998]). Petitioner initially alleged that his position was not abolished for bona fide reasons but in retaliation against him for commencing the CPLR article 78 proceeding and as a pretext to gain his termination without filing disciplinary charges, that the position was abolished only 10 days after he filed his initial petition pursuant to CPLR article 78, and that respondent Superintendent had previously suggested abolishing other employees’ positions for similarly improper reasons. Petitioner further asserted that respondents had not considered or discussed abolishing his position as a cost-saving measure before he filed his petition, that his position was the only one singled out for abolition among more than 200 employees of the school district, and that no other positions were abolished in the middle of the school year. Thus, he did not, as respondents contend, rely solely upon the temporal proximity between the filing of his petition and the abolition of his position to establish bad faith (compare Matter of Wipfler v Klebes, 284 NY 248, 257 [1940]); instead, he contended that this temporal proximity was sufficient to suggest bad faith when considered in the light of his extended previ *1132 ous suspension, respondents’ failure to file disciplinary charges and the other surrounding circumstances. We agree with Supreme Court that these specific and nonconclusory assertions, when deemed to be true for this purpose, were sufficient to allege that the abolition of his position “was motivated by reasons other than a desire to promote institutional efficiency and economy” and thus state a cause of action (Matter of Gagnon v Board of Educ. of Manhasset Union Free School Dist., 119 AD2d 674, 675 [1986]).
Supreme Court found that further discovery was required before the question of respondents’ bad faith could be resolved. As respondents contend, pretrial disclosure is available in summary proceedings only by leave of court (see CPLR 408), and leave is granted only where there is a demonstrated need (see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 15 [1999]). We do not find that the court abused its “considerable discretion” in determining here that further disclosure was appropriate (Matter of Grossman v McMahon, 261 AD2d 54, 57 [1999]; see Matter of Pignato v City of Rochester, 288 AD2d 825, 825-826 [2001], appeal dismissed 97 NY2d 725 [2002], lv denied 98 NY2d 604 [2002]).
The remaining plenary cause of action for breach of contract alleges that respondents breached petitioner’s employment contract by abolishing his position. Supreme Court found that this cause of action hinges upon the resolution of the bad faith abolition claim, and there is no disagreement with this aspect of the decision upon this appeal.
Mercure, J.E, Rose and McCarthy, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondents’ motion to dismiss the second cause of action; said claim dismissed; and, as so modified, affirmed.

. The amended petition also asserted claims for abuse of process and negligent and intentional infliction of emotional distress, based upon the disclosure of certain confidential information; dismissal of these claims and petitioner’s claim for reinstatement is not at issue on this appeal.

. There is no appeal as of right in this nonfinal CPLR article 78 proceeding (see CPLR 5701 [b]; Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [2010]). In the interest of judicial economy, and lacking any objection, we treat the notice of appeal as a request for permission to appeal, and grant the request (see Matter of Castro v Fischer, 81 AD3d 1062, 1063 [2011]).

. Name-clearing hearings axe ordinarily provided to probationary employees and others who lack the statutory due process protections of tenured employees (see e.g. Matter of Swinton v Safir, 93 NY2d 758, 763 n [1999]; Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1564 [2010]). As these statutory protections have now been invoked, we need not decide the effect of petitioner’s tenure upon this requested relief.