*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    520543
_____

In the Matter of NRG ENERGY,
   INC.,
                    Appellant,

          v                              MEMORANDUM AND ORDER

EMPIRE ZONE DESIGNATION BOARD
   et al.,
                    Respondents.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

                    _____


        Nixon Peabody, LLP, Albany (Jena R. Rotheim of counsel),
for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondents.

                    _____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Teresi, J.),
entered April 4, 2014 in Albany County, which, among other
things, dismissed petitioner's application, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, to, among other things, review a determination of
respondent Empire Zone Designation Board revoking petitioner's
certification as an empire zone business enterprise.

        Petitioner is a company located within an empire zone and
was certified as a qualified empire zone enterprise in August
2002.  In June 2009, petitioner received notice from respondent
Department of Economic Development (hereinafter DED) that it

reviewed petitioner's business annual reports (hereinafter BARs) for the years 2002-2007 and that, as a result of its findings, petitioner's certification was being revoked for its failure to satisfy the 1:1 benefit-cost test retroactively effective as of January 1, 2008 (see General Municipal Law § 959 [a] [v] [6]). After conducting a public meeting on the matter in July 2013, respondent Empire Zone Designation Board (hereinafter the Board) upheld DED's revocation of petitioner's certification. Petitioner then commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to annul the Board's determination. Supreme Court found, among other things, that petitioner was entitled to a declaration that revocation of its empire zone certification cannot be made retroactive to the 2008 tax year, but rejected petitioner's remaining contentions. Petitioner now appeals, and we affirm.

Initially, petitioner concedes that the benefits that it, on its own, generated are insufficient to satisfy the 1:1 benefit-cost test. However, petitioner argues that DED erred in failing to also consider the benefits generated by an affiliate, NRG Northeast Affiliate Services, Inc. (hereinafter NAS) in conducting the benefit-cost analysis pursuant to General Municipal Law § 959 (a) (v) (6). As is relevant here, this Court has repeatedly held that "DED [is] only required to review and consider the wages and investments made by the business enterprise as set forth in its BARs" (Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d 137, 143 [2015]; see 5 NYCRR 11.9 [c] [2]; Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d 1144, 1146 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). Petitioner only included its own wages and investments in its BARs and did not include the wages and investments of NAS. Because DED was not required to consider any wages and investments that petitioner had not set forth in its BARs, the Board's determination to uphold the decertification has a rational basis (see Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d

at 1146).[1]

Further, we reject petitioner's related argument that 5 NYCRR 11.9 (c) (2), which limits DED's analysis to those benefits provided for in a business enterprise's BARs, is contrary to statute (see General Municipal Law § 957 [k]).  We perceive no statutory language or related legislative intent that DED be required to independently investigate whether an entity has created more benefits than it had reported (see generally James Sq. Assoc. LP v Mullen, 21 NY3d at 250-251).  Petitioner's remaining contentions are either without merit or academic.

Rose, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Therefore, we do not address the hypothetical question of whether the Board could have properly excluded benefits provided by NAS had petitioner accounted for such benefits in its BARs.