■ In the Matter of GREECE TOWN MALL, L.P., Respondent, v NEW YORK STATE et al., Appellants. [34 NYS3d 663]—

Garry, J. Appeal from an order of the Supreme Court (Mc-Namara, J.), entered December 19, 2014 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, remanded the matter to respondent Empire Zone Designation Board for further proceedings.

Petitioner, the owner of a shopping mall, was certified in 2002 as a participant in the Empire Zones Program, allowing it to receive certain tax benefits and economic incentives in return for creating jobs and making investments in impoverished areas. In 2009, the Legislature established new standards for continued eligibility and directed the Commissioner of Economic Development to conduct a review of all certified entities to determine whether any should be decertified under the new standards (see General Municipal Law § 959 [a] [v] [5], [6]; [w]). As pertinent here, the 2009 legislation established a criterion known as the 1:1 benefit-cost test, which examined whether a business had provided economic returns to the community in the form of investments and employee remuneration with a greater value than the benefits the business had received (see General Municipal Law § 959 [a] [v] [6]; *Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd.*, 95 AD3d 1402, 1403 n 1 [2012]). The Commissioner was directed to determine an enterprise's compliance with the 1:1 benefit-cost test by examining information contained in at least three of the entity's business annual reports (hereinafter BARs) (see General Municipal Law § 959 [w]).

In June 2009, petitioner was notified that its certification was being revoked as a result of its failure to satisfy the 1:1 benefit-cost test. Petitioner submitted an administrative appeal to respondent Empire Zone Designation Board (hereinafter the Board), which upheld the Commissioner's decision. Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment seeking, among other things, to annul the Board's determination, and thereafter moved to amend its petition/complaint to add a cause of action seeking a declaration that the decertification could not be retroactively applied. Supreme Court denied the motion and dismissed the petition/complaint. Upon appeal, this Court reversed the denial of petitioner's motion for leave to amend, found that the Board's determination lacked sufficient detail to permit intelligent appellate review, reversed the dismissal of two of petitioner's causes of action seeking to annul the

determination and remitted the matter to the Board (105 AD3d 1298, 1301 [2013]). Thereafter, the Board again upheld the Commissioner's determination, and petitioner amended its petition/complaint. After joinder of issue, Supreme Court found that the Board's new determination lacked sufficient detail to permit intelligent judicial review and remanded the matter to the Board. Respondents appeal.[1]

In its August 2009 appeal to the Board, petitioner argued that the Commissioner should have exercised its discretion to take into account certain investments and employment expenditures not reported in its BARs, including projected post-2007 investments and expenditures by petitioner's tenants and a related management company. In February 2010, while the appeal to the Board was pending, petitioner made an additional submission to the Board consisting of BARs for the years 2002 through 2007 that had been amended to include investments made by petitioner's tenants that petitioner had allegedly financed by reducing its rents.[2] The Board declined to include any of the requested amounts in its calculations, stating that "[s]uch expenditures were not considered for any of the other companies subject to the Commissioner's 2009 review" and that "this Board did not find that the Commissioner should have included such expenses in the BARs, or should have considered same as a part of the Commissioner's initial review of these matters during our review of the Commissioner's decertification determination for the other 410 appeals, many of which raised similar issues."

Supreme Court found the Board's statement of its reasons to be inadequate in that it failed to provide a specific rationale for refusing to consider indirect expenditures and investments. We disagree. It is well established that a determination by the Board must "contain sufficient information to permit this Court to both discern the rationale for the administrative action

1. Although designated as a judgment, Supreme Court's decision did not grant or dismiss either the petition or the declaratory judgment claims; as such, it is more truly akin to an intermediate nonfinal order. In a CPLR article 78 proceeding, there is no appeal as of right from a nonfinal order (see CPLR 5701 [b]; Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [2010]). However, as to the causes of action pursuant to CPLR article 78, "[i]n the interest of judicial economy, and lacking any objection, we treat the notice of appeal as a request for permission to appeal, and grant the request" (Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1130 n 2 [2013]; see Matter of Castro v Fischer, 81 AD3d 1062, 1063 [2011]).

2. The amended BARs also replaced certain estimated tax credits with actual figures. However, the Board found that the slight improvement in petitioner's benefit-cost ratio that resulted from using the amended amounts was not enough to alter the determination.

taken and undertake intelligent appellate review thereof" (*Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd.*, 95 AD3d at 1404-1405). However, it is also well established that the 2009 legislative amendments in the Empire Zones Program "implicitly authorize a limited review of the BARs filed by a program participant" and do not require the Commissioner to consider any information beyond that contained in at least three BARs filed by the participant between 2001 and 2007 (*Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d 24, 29 [2012], *affd sub nom. James Sq. Assoc. LP v Mullen*, 21 NY3d 233 [2013]; *see* General Municipal Law § 959 [w]; 5 NYCRR 11.9 [c] [2]). In other decertification appeals, this Court has repeatedly upheld the Commissioner's refusal to consider expenditures by tenants or related entities in determining an entity's compliance with the 1:1 benefit-cost test; rather, we have found that the Commissioner is "only required to review and consider the wages and investments made by the business enterprise as set forth in its BARs" (*Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd.*, 129 AD3d 137, 143 [2015]; *see* 5 NYCRR 11.9 [c] [2]; *Matter of NRG Energy, Inc. v Empire Zone Designation Bd.*, 134 AD3d 1272, 1273 [2015]; *Matter of Hague Corp. v Empire Zone Designation Bd.*, 96 AD3d 1144, 1146 [2012], *affd sub nom. James Sq. Assoc. LP v Mullen*, 21 NY3d 233 [2013]). Thus, it was "readily apparent" from the Board's explanation that its resolution of petitioner's appeal was premised upon the same interpretation of the 2009 legislation and 5 NYCRR 11.9 (c) (2) that the Board has consistently applied in other decertification appeals (*Matter of Hague Corp. v Empire Zone Designation Bd.*, 96 AD3d at 1146 n; *see Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d at 30 n 6 [2012]; *see also Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd.*, 115 AD3d 1035, 1038 [2014]; *Matter of Morris Bldrs., LP v Empire Zone Designation Bd.*, 95 AD3d 1381, 1382-1383 [2012], *affd sub nom. James Sq. Assoc. LP v Mullen*, 21 NY3d 233 [2013]). Given these circumstances, the Board's determination contains adequate information to permit intelligent judicial review.

As remittal to the Board is not required, we grant respondents' request to address the merits of petitioner's claims in the interest of judicial economy (*see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie*, 126 AD3d 1094, 1096 [2015]). Initially, having determined that the Board provided an adequate explanation of the rational basis for its denial of petitioner's appeal, we now dismiss petitioner's two causes of action pursuant to CPLR article 78 seeking to annul the determination as arbitrary and capricious (*see generally Matter*

*of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd.*, 129 AD3d at 143). Next, the doctrine of res judicata requires the dismissal of petitioner's cause of action alleging that respondents should be equitably estopped from revoking petitioner's certification; the same claim was made in petitioner's original petition/complaint, and this Court affirmed Supreme Court's declaration that estoppel may not be invoked (105 AD3d at 1300; *see Dale Mtge. Bankers Corp. v Allington*, 237 AD2d 832, 832-833 [1997]).

As for the cause of action alleging that the revocation of petitioner's certification violated its due process rights, this Court has already held that petitioner has no vested property right to continue to receive tax benefits in the Empire Zones Program (105 AD3d at 1301). In a separate appeal, we have further held that the process followed by respondents in revoking the certifications of business entities such as petitioner does not deprive them of notice or a meaningful opportunity to be heard (*Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d at 31). Accordingly, petitioner's cause of action alleging a violation of 42 USC § 1983 lacks merit. Petitioner's cause of action alleging that the Open Meetings Law was violated during the 2013 meeting in which the Board voted on petitioner's appeal is likewise without merit, as the meeting "was judicial in nature and thus exempt from the requirements of the Open Meetings Law" (*Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals*, 91 AD2d 763, 764 [1982]; *see* Public Officers Law § 108 [1]; *Matter of Grossman v Planning Bd. of Town of Colonie*, 126 AD2d 887, 890 [1987]).

Turning finally to petitioner's cause of action seeking a declaration that petitioner's certification cannot be revoked retroactively to January 1, 2008, respondents concede that it is settled that such decertifications cannot be applied retroactively (*see James Sq. Assoc. LP v Mullen*, 21 NY3d 233, 250 [2013]; *Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd.*, 129 AD3d at 149). "Accordingly, petitioner is entitled to a declaration that revocation of its Empire Zone[s] Program certification cannot be made retroactive to January 1, 2008" (*Matter of Dannible & McKee, LLP v New York Dept. of Economic Dev.*, 110 AD3d 1166, 1168 [2013]).

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition dismissed as to the first, second, third, fourth and fifth causes of action, petition granted as to the sixth cause of action, and it is declared that the April 2009 amendments to

General Municipal Law § 959 may not be applied retroactively to January 1, 2008.