Matter of Aron Law PLLC v Town of Fallsburg (2021 NY Slip Op 06593)





Matter of Aron Law PLLC v Town of Fallsburg


2021 NY Slip Op 06593


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532762
[*1]In the Matter of Aron Law PLLC, Appellant,
v
Town of Fallsburg, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Aron Law, PLLC, New York City (Joseph Aron of counsel), for appellant.
Drake Loeb PLLC, New Windsor (Steven J. Gaba of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Schreibman, J.), entered November 5, 2020 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for an award of counsel fees and litigation costs.
On January 9, 2019, Joseph Aron — the principal attorney for petitioner — submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent seeking records pertaining to real property tax assessments in the Town of Fallsburg, Sullivan County. Demand No. 1 sought "[a]ny communications between [respondent] . . . and Vacation Village homeowners or their representatives relating to tax assessments of homes in Vacation Village."[FN1] Demand Nos. 2-5 pertained to property tax grievances filed by homeowners in Vacation Village, seeking, among other things, copies of all such filed grievances, the determinations thereof and communications between respondent's employees related thereto. Demand Nos. 6-8 sought "all filings in [CPLR] article 78 proceedings . . . regarding tax assessments of homes in Vacation Village," as well as "copies of all filings [and appeals] in [CPLR] article 78 proceedings . . . regarding tax assessments of homes in [respondent] . . . for the last three years." Demand No. 9 sought records "containing the description, address and sale price of all homes sold in Loch Sheldrake for the past five years."
The next day, a representative of respondent acknowledged the request and advised that it would be forwarded to the appropriate department for review. On January 30, 2019, respondent sent Aron a generic "[FOIL] Response Form" stating that his request was "defective or not specific enough" to be processed. Construing that communication as a denial, Aron — in a letter dated February 4, 2019 — administratively appealed. By letter dated February 25, 2019, respondent acknowledged receipt of the appeal and provided a more substantive response. As to demand No. 1, respondent explained that there were 234 parcels in Vacation Village and asked Aron to clarify whether he was requesting a search of all employee records for responsive documents or only a search of the records maintained by the Assessor's Office. With respect to demand Nos. 2-5, respondent informed Aron that the grievance documents he sought were scanned on a computer database maintained by respondent and could be accessed by making an appointment to use respondent's viewing program. Respondent granted Aron's request regarding demand Nos. 6-8 to the extent of providing "copies of the [CPLR a]rticle 78 proceedings that have been served on [respondent] regarding Vacation Village" in the past five years, "as well as all [CPLR a]rticle 78 proceedings that have been served on [respondent] in the last [three] years regarding single family homes" and any appeals of such proceedings. Demand No. 9 was denied on the basis that "[s]ale information is of public record in the County Clerk's office" and respondent [*2]"do[es] not break up sales by hamlet, nor do[es] [it] have a means to do so."
Following that determination, respondent provided documents responsive to demand Nos. 6-8 relative to single family homes. In March 2019, Aron sent an email to a representative of respondent requesting that, to the extent that the responsive records pertaining to demand Nos. 2-5 were in electronic format, they be copied onto a flash drive that he would provide.[FN2] Respondent informed Aron that the records could not be uploaded onto a flash drive due to their voluminous nature, reiterating that he could schedule an appointment to access the records by using respondent's viewing program.[FN3]
Petitioner thereafter commenced this CPLR article 78 proceeding against respondent seeking, among other things, a declaration that respondent acted unlawfully in withholding the outstanding records, an order directing that the outstanding records be disclosed, and an award of counsel fees and litigation costs under Public Officers Law § 89 (4) (c). By order dated January 7, 2020, Supreme Court denied the petition as to demand Nos. 1 and 9, granted the petition as to demand Nos. 6-8 to the extent of directing respondent to disclose any responsive documents pertaining to multifamily homes, and scheduled an evidentiary hearing as to whether documents pertaining to demand Nos. 2-5 "were maintained in a format and file size that could reasonably be transferred to and produced on a flash drive." The court held the issue of counsel fees in abeyance pending the outcome of the hearing. Shortly thereafter, respondent tendered an affidavit certifying that all of the homes in Vacation Village were single family and, therefore, no responsive documents pertaining to multifamily homes existed under demand Nos. 6-8.
Petitioner moved to reargue the January 2020 order and respondent moved to renew. Both parties also moved for an award of counsel fees. By order entered May 12, 2020, Supreme Court denied both motions, set the matter down for an evidentiary hearing and denied the respective requests for counsel fees. Respondent's attorney subsequently sent an email to petitioner and Supreme Court advising that respondent was agreeable to providing petitioner with the responsive documents pertinent to demand Nos. 2-5 in digital format and, thus, an evidentiary hearing was no longer necessary. Consequently, by consent order entered August 14, 2020, Supreme Court canceled the evidentiary hearing and directed respondent to furnish such responsive documents by September 14, 2020. These documents were produced in accordance with the consent order and totaled approximately 7,000 pages.
Petitioner again moved for an award of counsel fees pursuant to Public Officers Law § 89 (4) (c) (ii), arguing, among other things, that it had substantially prevailed in the proceeding because, as a result of the litigation, it had received responsive documents pertaining to demand Nos. 2-5 and "received a certification[*3]" under demand Nos. 6-8 that no multifamily homes existed. Petitioner further argued that respondent did not have a reasonable basis for denying access to the withheld records. Respondent opposed the motion.
By order entered November 5, 2020, Supreme Court denied petitioner's request for counsel fees. The court noted that it had affirmed the denial of records under demand Nos. 1 and 9 and, although petitioner "technically prevailed" on demand Nos. 6-8, its success "was not substantial" because the certification obtained "involved a subset of records . . . which was narrow in comparison to the overall scope of the FOIL request." As to demand Nos. 2-5, the court emphasized, among other things, that it never rendered a decision as to whether respondent's initial refusal to transfer the documents to a thumb drive was unreasonable. Rather, such documents had been disclosed in the format requested by petitioner due to a mutual agreement. Petitioner appeals from the November 2020 order.
As a threshold matter, respondent argues that the appeal must be dismissed because the November 2020 order does not constitute a final judgment (see CPLR 5701 [b] [1]; Matter of Alexander M. v Cleary, 188 AD3d 1471, 1473 [2020]; see also CPLR 5701 [a] [1]). We agree with respondent that the November 2020 paper — which is denominated a "decision and order" and neither grants nor dismisses the petition — is akin to a nonfinal interlocutory order and, therefore, no appeal lies as of right (see Matter of Greece Town Mall, L.P. v New York State, 140 AD3d 1380, 1382 n 1 [2016]; see also CPLR 5701 [a] [1]). However, in the interest of judicial economy, we treat the notice of appeal as a request for permission to appeal and grant the request (see CPLR 5701 [c]; Matter of Greece Town Mall, L.P. v New York State, 140 AD3d at 1382 n 1; Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1132 n 2 [2013]).
Next, we reject respondent's contention that, by settling the proceeding as it related to demand Nos. 2-5 through a consent order that did not contain a provision preserving petitioner's claim for counsel fees, petitioner has waived such a claim or is equitably estopped from pursuing it. "A waiver is the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it. Such a waiver must be clear, unmistakable and without ambiguity" (Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1484 [2012] [internal quotation marks, ellipsis and citations omitted], affd 21 NY3d 255 [2013]). Equitable estoppel, by contrast, is a doctrine imposed as a matter of fairness that "preclude[s] a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). As the August 2020 consent [*4]order was silent on the issue of counsel fees, petitioner's acceptance of its terms can hardly constitute a "clear" and "unmistakable" waiver of such a claim (Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d at 1484). Moreover, there is no evidence that petitioner took affirmative acts that would support a reasonable belief that it intended to abandon its claim for counsel fees, rendering the doctrine of equitable estoppel inapplicable.
We agree with petitioner that Supreme Court erred in denying its request for counsel fees. As relevant here, a court in a FOIL proceeding "shall assess, against such agency involved, reasonable [counsel] fees and other litigation costs
. . . in any case . . . in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" to the records sought [FN4] (Public Officers Law § 89 [4] [c] [ii]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017]; Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [2020]). "'A petitioner substantially prevails under Public Officers Law § 89 (4) (c) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation'" (Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d at 1074, quoting Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311 [2019], lv dismissed 34 NY3d 1010 [2019]).
Petitioner substantially prevailed in the litigation. Through use of the judicial process, petitioner received documents responsive to demand Nos. 2-5 in the medium it desired and obtained a certification under demand Nos. 6-8 pertaining to multifamily homes (see Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1122 [2013]). Contrary to Supreme Court's finding, the fact that the disclosure under demand Nos. 2-5 stemmed from a mutual accord between the parties does not change the analysis, as "the voluntariness of an agency's disclosure after the commencement of a CPLR article 78 proceeding will not preclude a finding that a litigant has substantially prevailed" (Matter of Cobado v Benziger, 163 AD3d 1103, 1106 [2018]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79). Moreover, respondent did not have a reasonable basis for the precommencement denial of the records responsive to demand Nos. 2-5, as evidenced by its subsequent production of said documents in electronic form. As petitioner substantially prevailed and respondent did not have a reasonable basis for denying access to the records, Supreme Court erred in denying petitioner's request for counsel fees and litigation costs (see Public Officers Law § 89 [4] [c] [ii]; Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 339-340 [2011]; Matter of [*5]New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [2011]).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Unless otherwise specified, the demands sought records spanning back five years.

Footnote 2: Aron indicated that he was in New York City and would prefer to avoid traveling to Sullivan County.

Footnote 3: These email communications are not included in the record but are referenced in the order on appeal.

Footnote 4: Where the petitioner substantially prevailed and the agency failed to respond to the request or appeal within the statutory time frame, the decision to award counsel fees lies within the trial court's discretion (see Public Officers Law § 89 [4] [c] [i]). Petitioner does not argue that respondent failed to comply with the statutory time frames listed in the Public Officers Law.