Eastern States Well & Pump Servs., LLC v Martin (2025 NY Slip Op 03375)

Eastern States Well & Pump Servs., LLC v Martin

2025 NY Slip Op 03375

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0902
[*1]Eastern States Well & Pump Services, LLC, Appellant,
v
Timothy Martin, Defendant.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

James Kleinbaum, Attorney at Law, PC, Chatham (John W. Hillman of counsel), for appellant.

Lynch, J.
Appeal from an order of the Supreme Court (Sara McGinty, J.), entered February 15, 2024 in Columbia County, which, sua sponte, dismissed the complaint.
In June 2022, plaintiff — a domestic corporation doing business in Columbia County — commenced this breach of contract action to recover payment for work performed under a services contract. Defendant, who resided in Massachusetts, filed a pro se answer in September 2022 denying the complaint without raising affirmative defenses. Approximately two months later, defendant thereafter moved to dismiss the complaint "for lack of personal jurisdiction," emphasizing that the contract was not performed in New York and he did not have any nexus with New York. In January 2023, Supreme Court (Jordan, J.), denied defendant's motion on the ground that it was not properly served on plaintiff and any affirmative defense based upon lack of personal jurisdiction was waived by failing to raise it in the answer.
Plaintiff subsequently moved for summary judgment on liability, emphasizing that defendant had not responded to its discovery demands and failed to appear for a court-ordered deposition, rendering an order precluding defendant from producing any evidence in this matter appropriate, along with judgment as a matter of law in plaintiff's favor. In February 2024, Supreme Court (McGinty, J.) sua sponte dismissed the complaint on the ground that it lacked "subject matter jurisdiction over the dispute underlying this action" due to the lack of evidence that defendant had sufficient contacts within the state. Plaintiff moved to reargue pursuant to CPLR 2221 (d) contending, among other things, that the court conflated personal jurisdiction with subject matter jurisdiction and had no authority to sua sponte dismiss the complaint. Supreme Court denied the motion. Plaintiff appeals from the February 2024 order.
Insofar as the February 2024 order was issued on a sua sponte basis, no appeal lies as of right (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]; Goldstein v Khurshid, 180 AD3d 876, 877 [2d Dept 2020], lv dismissed 36 NY3d 1044 [2021]). However, "we treat the notice of appeal as a request for permission to appeal and grant the request" (Matter of Aron Law PLLC v Town of Fallsburg, 199 AD3d 1286, 1289-1290 [3d Dept 2021]; see CPLR 5701 [c]).
The February 2024 order must be reversed. Defendant's contacts with New York implicate personal jurisdiction and not subject matter jurisdiction (see CPLR 302 [a] [1]; State of New York v Vayu, Inc., 39 NY3d 330, 332 [2023]). As correctly noted in Supreme Court's (Jordan, J.) January 2023 order, which was the law of the case, a defense based on lack of personal jurisdiction "is waived unless it is raised in the answer or in a preanswer motion to dismiss, whichever comes first" (Hatch v Tu Thi Tran, 170 AD2d 649, 650 [2d Dept 1991] [emphasis added]; see CPLR 3211 [e]). " '[A] trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its [*2]own order or
judgment' " (American Home Mtge. Servicing, Inc. v Kaplan, 227 AD3d 647, 651 [2d Dept 2024], quoting Adams v Fellingham, 52 AD3d 443, 444 [2d Dept 2008]), all the more so when that order was issued by a different judge (see CPLR 5019 [a]).
Garry, P.J., Egan Jr., Clark and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs; complaint reinstated; and matter remitted to the Supreme Court for consideration of plaintiff's motion for summary judgment.