*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017                522820
_____

In the Matter of JOHNATHAN
    JOHNSON,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Rose, Devine, Clark and Aarons, JJ.

                    _____

        Johnathan Johnson, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Feldstein,
J.), entered February 29, 2016 in Franklin County, which, in a
proceeding pursuant to CPLR article 78, among other things,
granted respondent's motion to dismiss the petition.

        Petitioner, an inmate, claimed that he was improperly
denied a religious meal on February 26, 2015 while he was
confined in his cell.  He filed a grievance disputing the matter,
but was advised by the Central Office Review Committee that his
name was on the list of inmates who were to receive the religious
meal.  He then made a request under the Freedom of Information
Law (see Public Officers Law art 6 [hereinafter FOIL]) for
disclosure of the logbook containing the names of the correction
officers assigned to his special housing unit when he was

allegedly denied the religious meal so that he could name them in a civil rights action. His request was denied and he filed an administrative appeal. When his administrative appeal was not timely decided, he commenced this CPLR article 78 proceeding in the nature of mandamus to compel disclosure. Thereafter, his administrative appeal was decided and he was provided with the logbook, the only redaction being the inmates' names. Names of the officers on duty were not redacted. In light of this disclosure, respondent moved to dismiss the petition as moot. Petitioner, in turn, cross-moved to convert the proceeding to one for preaction discovery under CPLR 3102 (c). Supreme Court granted respondent's motion and denied petitioner's cross motion. Petitioner now appeals.

We affirm. The petition is clearly moot as disclosure of the logbook provided petitioner with the names of the correction officers on duty during the relevant time period and he has, thus, received all of the relief that he requested and to which he is entitled (see Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016]). In view of this, there is no basis upon which to convert the proceeding to one for preaction disclosure under CPLR 3102 (c).

Peters, P.J., Rose, Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court