Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth. (2020 NY Slip Op 01680)





Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth.


2020 NY Slip Op 01680


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

527904

[*1]In the Matter of Gannett Satellite Information Network, LLC, Appellant,
v
New York State Thruway Authority, Respondent.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Satterlee Stephens LLP, New York City (Glenn C. Edwards of counsel), for appellant.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.
Baker & Hostetler, Washington, DC (Mark I. Bailen of counsel), for Society of Professional Journalists and others, amici curiae.



Colangelo, J.
Appeals (1) from a judgment of the Supreme Court (Ryba, J.), entered October 3, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered February 14, 2019 in Albany County, which denied petitioner's motion to renew and/or reargue.
Petitioner is the owner and publisher of a print and online newspaper serving Westchester, Putnam and Rockland Counties. On October 5, 2017, petitioner made an amended request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for "any emails, letters or any other written or digital communication regarding the shifting of Rockland-bound traffic from the old Tappan Zee Bridge to the Gov. Mario M. Cuomo Bridge overnight August 25 and 26, 2017 to or from [12 current or former directors, officers or employees of respondent] from Jan. 1, 2017 until Aug. 25, 2017."[FN1] Respondent acknowledged receiving the request the same day, and advised petitioner it anticipated that a response would be provided on or before November 2, 2017. Thereafter, respondent advised petitioner by successive letters between November 2, 2017 and June 25, 2018 that it was conducting an ongoing search for potentially responsive records, in each letter setting forth a revised date by which respondent anticipated it would provide a response. On April 11, 2018, petitioner filed an administrative appeal, alleging that respondent had, among other things, constructively denied its FOIL request. Respondent's FOIL appeals officer concluded that respondent required additional time to locate and review the requested records, that respondent had advised petitioner in writing of its need for additional time and that respondent's response time was reasonable under the circumstances.
Petitioner commenced this proceeding pursuant to CPLR article 78 contending that respondent's failure to produce the requested documents constituted a constructive denial of its request. Petitioner sought an order directing respondent to comply with its FOIL request and an award of counsel fees.[FN2] While this proceeding was pending, respondent provided petitioner with 1,107 pages of records on July 6, 2018, and indicated that any withheld documents were exempt from disclosure pursuant to Public Officers Law § 87 (2) (a), (f) and (g). Thereafter an additional 213 pages were provided to petitioner on August 10, 2018, for a total of 1,320 pages.[FN3] Respondent moved to dismiss the petition as moot, arguing that, during the proceeding, it had provided all nonexempt and nonprivileged records in response to the subject FOIL request. Petitioner opposed the motion, arguing that approximately half of the pages provided included nonresponsive information, but did not seek to amend its petition to challenge the content of the disclosure. Supreme Court granted respondent's motion and dismissed the petition, finding that petitioner had been furnished with all of the responsive documents in respondent's possession, rendering moot petitioner's claim that its request had been constructively denied. The court denied petitioner's request for counsel fees, finding that respondent's response time was reasonable under the circumstances, and denied petitioner's subsequent motion for renewal and/or reargument. Petitioner appeals from both the judgment granting respondent's motion to dismiss the petition and the order denying its motion for reargument and/or renewal.
We affirm. "Where a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties" (Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [2018] [internal quotation marks and citations omitted]; see Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Thruway Auth., 173 AD3d 1526, 1527 [2019]). Petitioner's sole contention in its petition was that respondent's failure to provide the requested documents by the anticipated response dates set by respondent constituted a constructive denial of the request. Given that respondent ultimately disclosed 1,320 pages of documents during the pendency of this special proceeding, the claim of constructive denial was rendered moot (see Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Thruway Auth., 173 AD3d at 1527; Matter of Cobado v Benziger, 163 AD3d at 1105; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044-1045 [2016]). Accordingly, respondent's motion to dismiss the petition as moot was properly granted.
Petitioner further argues that Supreme Court improvidently denied its request for counsel fees and costs given the delay in disclosing documents in violation of Public Officers Law § 89 (3). Initially, our conclusion that this proceeding has been rendered moot by respondent's disclosure does not preclude petitioner's request for counsel fees (see Matter of Cobado v Benziger, 163 AD3d at 1105-1106). "The Public Officers Law authorizes an award of [counsel] fees where the petitioner 'has substantially prevailed' in the FOIL proceeding and the agency either lacked a reasonable basis for denying access to the requested records or 'failed to respond to a request or appeal within the statutory time'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017], quoting Public Officers Law § 89 [4] [c] [i], [ii]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311 [2019], lv dismissed 34 NY3d 1010 [2019]; Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1284-1285 [2018]; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [2013]). "A petitioner substantially prevails under Public Officers Law § 89 (4) (c) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation" (Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1311 [internal quotation marks, brackets and citations omitted]), even where, as here, the response is received after the proceeding is commenced (see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1286).
Respondent's disclosure of 1,320 pages of documents after this proceeding was commenced supports a finding that petitioner has substantially prevailed in the FOIL proceeding. However, petitioner has failed to establish that respondent "either lacked a reasonable basis for denying access to the requested records or 'failed to respond to [its] request or appeal within the statutory time'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 78-79, quoting Public Officers Law § 89 [4] [c] [i], [ii]). It is undisputed that, on the same day that petitioner's amended FOIL request was received, respondent provided a written acknowledgment that it had received the request and a statement of the approximate date when a response would be forthcoming (see Public Officers Law § 89 [3] [a]). We agree with Supreme Court's conclusion that, in denying petitioner's request for counsel fees, respondent's initial response complied with the timing requirements of Public Officers Law § 89 (3) (a). Further, as the court correctly determined, although respondent thereafter adjusted its anticipated response date several times over the next nine months, it did so each time in writing before the expiration of the previously set anticipated response date, during which it continued to search for and review possible responsive records. Accordingly, the record supports Supreme Court's finding that the statutory prerequisites for an award of counsel fees were not met (see Public Officers Law § 89 [4] [c]; cf. Matter of Cobado v Benziger, 163 AD3d at 1106-1107; Matter of Mineo v New York State Police, 119 AD3d 1140, 1142 [2014], lv denied 24 NY3d 907 [2014]). Thus, we find no basis upon which to disturb the court's denial of petitioner's request (see Public Officers Law § 89 [4] [c]).
Finally, given that the motion to renew filed by petitioner presented no newly discovered facts that were not available when Supreme Court entertained respondent's motion to dismiss on mootness grounds, the motion to renew was properly denied (see CPLR 2221 [e]; Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1574-1575 [2019]).[FN4]
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.



Footnotes

Footnote 1: Originally, in August 2017, petitioner made the initial FOIL request to respondent for documents regarding the opening of the Gov. Mario M. Cuomo Bridge. The request more broadly sought "any emails, letters or any other written or digital communications regarding the opening of the New NY Bridge/Gov. Mario M. Cuomo Bridge on August 25 and 26, 2017 from Jan. 1, 2017." Following respondent's acknowledgment that the request was received and, after informing petitioner that the request would likely be rejected as overbroad, petitioner amended the request and submitted the subject amended FOIL request on October 5, 2017. As the original request was superseded by the amended request, it will not be discussed herein.

Footnote 2: The petition stated that, as of the commencement of the proceeding, respondent had produced no records and had not given a reason for the constructive denial. In response, respondent contended that a diligent search had been conducted for all records responsive to the subject request, which yielded over 2,600 emails comprised of thousands of pages, all of which had to be reviewed for responsiveness and possible FOIL exemptions.

Footnote 3: Petitioner filed a separate administrative appeal challenging, on the merits, respondent's withholding of certain documents from the disclosure made during the pendency of this proceeding. The FOIL appeals officer conducted a de novo review of the withheld documents and determined that only certain documents were subject to disclosure. As petitioner did not amend its petition in this proceeding to include a challenge to that separate administrative determination, that determination is not before us.

Footnote 4: To the extent that petitioner appeals from Supreme Court's denial of its motion to reargue, the court's denial of that motion is not appealable (see CPLR 2221 [d]; 5701 [a] [2] [viii]; Matter of Walker v Lippman, 145 AD3d 1330, 1331 [2016], appeal dismissed 29 NY3d 981 [2017]).