Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp. (2021 NY Slip Op 04639)





Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp.


2021 NY Slip Op 04639


Decided on August 5, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 5, 2021

531930
[*1]In the Matter of Save Monroe Ave., Inc., Respondent,
v
New York State Department of Transportation, Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for appellant.
Hodgson Russ LLP, Buffalo (Charles W. Malcomb of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the Supreme Court (Koweek, J.), entered May 7, 2020 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
Petitioner is a not-for-profit corporation engaged in litigation challenging the proposed development of a shopping plaza in the Town of Brighton, Monroe County (hereinafter the project). On September 18, 2018, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent seeking all records and communications related to the project. Respondent acknowledged receiving petitioner's request within one day, advising that the request would be researched and that notice would be provided within 20 business days as to the availability of the records. On October 19, 2018, respondent extended the response time to November 23, 2018, explaining that the delay was attributable "to a high number of FOIL requests recently received." By letter dated November 23, 2018, respondent further extended the response date to December 21, 2018, citing the same reason for the delay. On December 21, 2018, respondent again extended the response date to January 25, 2019, now explaining that the delay was "[d]ue to the complexity of the request." That same day, petitioner submitted a letter to respondent's chief counsel declaring that the repeated extensions constituted a constructive denial of its FOIL request and that it was administratively appealing that denial. On January 14, 2019, respondent's FOIL appeals officer replied, taking the position that the extensions were reasonable and rejecting petitioner's assertion of a constructive denial. On January 23, 2019, plaintiff commenced this CPLR article 78 proceeding, contending that respondent's failure to produce the requested documents constituted a constructive denial of its request and seeking an order directing respondent to disclose the requested records, together with an award of costs and counsel fees.
On February 8, 2019, respondent's records access officer notified petitioner that respondent had located over 800 pages of responsive records, disclosed over 600 pages with some redactions and advised that the redactions and withholding of the remaining pages were authorized by the intra- and inter-agency records exemptions set forth in Public Officers Law § 87 (2) (g). That same day, respondent moved to dismiss the petition as, among other things, moot claiming that it had now provided all nonexempt records in response to petitioner's FOIL request. Supreme Court denied the motion, determined that petitioner was entitled to an award of counsel fees pursuant to Public Officers Law § 89 (4) (c) and directed respondent to submit the withheld records for an in-camera review. Following joinder of issue and a review of the submitted records, Supreme Court, by May 2020 [*2]judgment, determined that respondent was required to turn over certain of the remaining documents, as no exemption applied, and awarded petitioner counsel fees in the amount of $7,176. Respondent appeals.
To begin, we agree with respondent that the claim of constructive denial was rendered moot by the document disclosure (see Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [2018]). Moreover, since petitioner did not administratively appeal respondent's decision to withhold certain documents as exempt, or otherwise seek to amend the petition to challenge that determination, the court erred in addressing the validity of the claimed exemptions (see id.). We further find that respondent's initial response to petitioner's FOIL request did not constitute a constructive denial of that request.
Generally, an agency must respond to a written request for records within a reasonable time and "there is no specific time period in which the agency must grant access to the records" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 465 [2007]). The response protocol for an agency to follow is set forth in Public Officers Law § 89 (3) (a). An agency must respond within five business days and has various options — to either provide the records, deny the request or, as pertinent here, to "furnish a written acknowledgement of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied" (Public Officers Law § 89 [3] [a] [emphasis added]). Respondent exercised that third option through the extension notices.
In our view, respondent complied with the timing requirements of Public Officers Law § 89 (3) (a) (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1075 [2020]). The initial response was timely, and each extension was issued before the anticipated response date expired (see id.; compare Matter of Cobado v Benzinger, 163 AD3d at 1104, 1106-1107). The reasonableness of this delay must be gauged "under the circumstances of the request" (Public Officers Law § 89 [3] [a]). As set forth in the governing regulation, an assessment of reasonableness requires consideration of "the volume of a request, the ease or difficulty in locating, retrieving or generating records, the complexity of the request, the need to review records to determine the extent to which they must be disclosed, the number of requests received by the agency and similar factors" (21 NYCRR 1401.5 [d]). As explained in the affidavit of respondent's counsel in support of the motion to dismiss, respondent received over 1,250 FOIL requests in the last four months of 2018. Moreover, the responding documents were extensive and involved various areas within respondent pertaining to planning, design, permitting and engineering for the project. In this context, the response, made within four months of the request, was certainly reasonable[*3]. It bears further emphasis that at no point prior to the February 8, 2019 response did respondent determine to grant the request in whole or in part so as to trigger the 20 business days and "date certain" provision in Public Officers Law § 89 (3) (a) (see Matter of New York Times Co., v City of N.Y. Police Dept., 103 AD3d 405, 406-407 [2013], lv dismissed 21 NY3d 960 [2013], lv denied 22 NY3d 854 [2013]; Governor's Approval Mem, Bill Jacket, L 2005, ch 22, at 3). For these reasons, we agree with respondent that petitioner's administrative appeal and CPLR article 78 proceeding were premature (see Matter of Empire Ctr. for Pub. Policy, Inc. v N.Y.C. Off. of Payroll Admin., 158 AD3d 529, 530 [2018], lv denied 31 NY3d 910 [2018]). Moreover, even though the records were released a few weeks after the proceeding was commenced, petitioner's claim for counsel fees should be denied, as the record reveals that respondent acted in good faith by specifying a reasonable basis for the delay and promptly releasing the documents upon completing its review and not just in response to the litigation (see Matter of Friedland v Maloney, 148 AD2d 814, 816 [1989]). For the foregoing reasons, the petition is dismissed.
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
Colangelo, J. (dissenting).
I respectfully dissent. I disagree with the majority's conclusion that respondent did not constructively deny petitioner's Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request. The procedural history of this matter reflects that, one day after receiving petitioner's FOIL request, respondent acknowledged receiving the request and advised petitioner that a response would be forthcoming within 20 business days; by successive emails thereafter, respondent advised that the response was delayed due to the "high number of FOIL requests recently received." Respondent not only failed to provide a response on the self-imposed extension dates but, on December 21, 2018, offered a different rationale for the delayed response — "the complexity of the request." In my view, respondent's failure to grant or deny access to the records on any of the self-imposed extension dates was unreasonable and functioned as a constructive denial of the FOIL request, thereby permitting petitioner to file an administrative appeal (see Public Officers Law § 89 [4] [a]; 21 NYCRR 1401.5 [e]; Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1313 [2019], lv dismissed 34 NY3d 1010 [2019]). Petitioner's administrative remedies were exhausted when respondent then constructively denied petitioner's timely administrative appeal by failing to respond to said appeal within the statutorily mandated 10-day period (see Public Officers Law § 89 [4] [a]; Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1312; Matter of Kohler-Hausmann v New York State City Police Dept., 133 AD3d 437, 437 [2015]; Matter of New York Times [*4]Co. v City of N.Y. Police Dept., 103 AD3d 405, 408 [2013], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]).
In light of such constructive denial and respondent's disclosure of numerous documents only after this CPLR article 78 proceeding was commenced, it is also my view that petitioner is entitled to counsel fees despite the fact that the proceeding was rendered moot, as the majority holds (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [2020]; Matter of Cobado v Benziger, 163 AD3d 1103, 1105-1106 [2018]). "The Public Officers Law authorizes an award of [counsel] fees where the petitioner 'has substantially prevailed' in the FOIL proceeding and the agency . . . 'failed to respond to a request or appeal within the statutory time'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017], quoting Public Officers Law § 89 [4] [c] [i]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1312-1313). As this Court has held, "[a] petitioner substantially prevails under Public Officers Law § 89 (4) (c) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation, even where, as here, the response is received after the proceeding is commenced" (Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d at 1074 [internal quotation marks and citations omitted]).
Respondent's disclosure of 624 pages of documents after this proceeding was commenced supports a finding that petitioner has substantially prevailed in the FOIL proceeding. Petitioner also established that respondent "'failed to respond to [its] request [and] appeal within the statutory time'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 78-79, quoting Public Officers Law § 89 [4] [c] [i]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1312-1313). Under these circumstances, "the determination of whether to award [counsel] fees rests within [Supreme C]ourt's discretion, subject to review only for an abuse of that discretion" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1287 [2018]). Such discretion "includes calculating the reasonable amount of any award" (Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1287 [internal quotation marks and citation omitted]). As the statutory requirements for the discretionary award of counsel fees were met and Supreme Court limited the amount awarded to the costs of the instant proceeding, I find that there was no abuse of discretion in the award of counsel fees (see id.).
ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.