Matter of New York State Funeral Directors Assn. v New York State Dept. of Health (2021 NY Slip Op 06897)





Matter of New York State Funeral Directors Assn. v New York State Dept. of Health


2021 NY Slip Op 06897


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532002
[*1]In the Matter of New York State Funeral Directors Association, Appellant,
v
New York State Department of Health, Respondent.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.

Greenberg Traurig, LLP, Albany (Cynthia Neidl of counsel), for appellant.
Letitia James, Attorney General, Albany (Jeffrey W. Lang of counsel), for respondent.



Clark, J.
Appeal from that part of a judgment of the Supreme Court (Hartman, J.), entered July 10, 2020 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
To become a licensed funeral director in New York, an individual must, among other things, take and pass the National Board Examination, an examination that is designed and administered by the International Conference of Funeral Service Examining Boards. In January 2018, after an alleged cheating scheme was discovered, respondent notified certain funeral directors that the International Conference had invalidated their licensing examination scores and that they would therefore be required to retake and pass the National Board Examination as part of their upcoming biennial registration. Petitioner — a not-for-profit association representing funeral firms throughout the state — submitted a request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), seeking disclosure of various records relating to the invalidation of the funeral directors' test scores and the requirement that they retake the licensing examination in order to renew their licenses. Respondent's records access officer denied petitioner's request in its entirety, asserting that the records were exempt from disclosure under Public Officers Law § 87 (2) (e) (ii), which permits an agency to deny access to records that are compiled for law enforcement purposes and which, if disclosed, would "deprive a person of a right to a fair trial or impartial adjudication." Petitioner administratively appealed, and respondent's records access appeals officer issued a final determination finding that the denial of petitioner's records request was proper under Public Officers Law § 87 (2) (e) (ii) because administrative "hearings and proceedings [were] still underway related to [the underlying] subject matter" of the request.
Petitioner thereafter commenced the instant CPLR article 78 proceeding seeking, among other things, a judgment vacating the denial of its FOIL request and directing respondent to provide the records sought. Prior to answering the petition, respondent advised petitioner that it had inadvertently cited Public Officers Law § 87 (2) (e) (ii) as the basis for its denial, but that it had "appropriately withheld responsive records at that time pursuant to [Public Officers Law] § 87 (2) (e) (i)" because "disclosure would have interfered 'with law enforcement investigations or judicial proceedings.'" Respondent, however, informed petitioner that disclosure of the requested documents would "no longer" interfere with any ongoing law enforcement investigations or judicial proceedings.[FN1] As a result, in February 2020, respondent released to petitioner more than 7,500 of the 8,000 responsive documents it had identified, with some [*2]of the information in the disclosed records redacted. Respondent withheld the remaining responsive documents, citing several newly claimed FOIL exemptions.
Following its February 2020 records disclosure, respondent joined issue, arguing that the proceeding had been rendered moot. Supreme Court agreed and ultimately dismissed the petition as moot. Supreme Court, however, granted petitioner's request for counsel fees, costs and disbursements. Petitioner appeals from so much of the judgment as dismissed the petition as moot.
We agree with Supreme Court that, under the circumstances of this case, the proceeding was rendered moot by respondent's February 2020 determination that the law enforcement exemption set forth in Public Officers Law § 87 (2) (e) (i) no longer applied,[FN2] and its concomitant release of documents previously withheld under that exemption. As has long been recognized, a proceeding is rendered moot when the rights of the parties would be unaffected by judicial resolution of the underlying legal issue (see e.g. Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]). Here, given that "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017] [internal quotation marks and citations omitted]), the singular issue raised in this proceeding was whether respondent properly relied upon the law enforcement exemption to deny release of the requested documents. However, once respondent determined that the exemption was no longer applicable following a change in circumstances and released records previously withheld on that basis, resolution of the underlying legal issue would have had no bearing upon the rights of the parties. Thus, under longstanding mootness principles, Supreme Court properly dismissed the proceeding as moot (see Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016]). As Supreme Court recognized, to the extent that petitioner sought review of respondent's February 2020 partial denial of its FOIL request, such review was precluded by its failure to amend the petition or commence a new CPLR article 78 proceeding after exhausting its administrative remedies (see Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp., 197 AD3d 808, 809 [2021]; Matter of Barry v O'Neill, 185 AD3d 503, 505 [2020]; Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [2018]). Accordingly, we affirm Supreme Court's determination to dismiss the petition as moot.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: According to respondent, the evidentiary phase of a substantively related administrative hearing ended in January 2020.

Footnote 2: Unlike other FOIL exemptions, the law enforcement exemptions contained in Public Officers Law § 87 (2) (e) (i) and (ii) are temporary in nature and will no longer justify the denial of records once the underlying investigation or judicial proceeding has concluded (see generally Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016]; Matter of Pittari v Pirro, 258 AD2d 202, 206-207 [1999], lv denied 94 NY2d 755 [1999]).