Matter of Lewis v James (2022 NY Slip Op 04066)

Matter of Lewis v James

2022 NY Slip Op 04066

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

532161
[*1]In the Matter of Julio Lewis, Appellant,
v
Letitia James, as Attorney General of the State of New York, Respondent.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Julio Lewis, Coxsackie, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (O'Connor, J.), entered June 22, 2020 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner commenced this CPLR article 78 proceeding challenging the constructive denial of his request under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for various wiretap applications, warrants and other documents pertaining to his criminal indictment, and sought reimbursement of fees associated with his FOIL request. Prior to answering, respondent moved to dismiss the petition on the ground that respondent was not the proper party to the proceeding. Supreme Court granted the motion and dismissed the petition. Petitioner appealed. Respondent then moved this Court to dismiss, as moot, that part of the appeal challenging the denial of petitioner's FOIL request, as respondent had discovered that it was in possession of, and thereafter provided to petitioner, 465 pages of responsive documents. In addition, respondent moved to remit the matter to Supreme Court to allow petitioner to submit an application for an award of fees pursuant to Public Officers Law § 89 (4) (c) (i). This Court denied the motion without prejudice to respondent raising the issues on appeal.
We agree with respondent that the proceeding, insofar as it challenges the constructive denial of petitioner's FOIL request, is moot (see Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp., 197 AD3d 808, 809 [2021], lv denied 38 NY3d 905 [2022]; Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1210 [2021], lv denied 37 NY3d 917 [2022]; Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1073-1074 [2020]). Respondent complied with petitioner's FOIL request by providing him with 465 pages of responsive documents, albeit noting that some documents were exempt from disclosure or portions redacted. To the extent that petitioner requests an in camera inspection of all documents in respondent's possession in order to ensure that everything requested was properly disclosed, "such review [is] precluded by [petitioner's] failure to[, in this instance,] . . . commence a new CPLR article 78 proceeding after exhausting [his] administrative remedies" (Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d 1255, 1257 [2021]; see Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp., 197 AD3d at 809).
The fact that the proceeding has been rendered moot by the disclosure of the documents does not, as conceded by respondent, preclude petitioner's request for an award of fees (see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1210; Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d at 1074). The Public Officers Law permits an award of "reasonable [counsel] fees and other litigation [*2]costs" where the petitioner "has substantially prevailed" in a FOIL proceeding and "when the agency failed to respond to a request . . . within the statutory time frame" (Public Officers Law § 89 [4] [c] [i]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78 [2017]; Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d at 1074). Under the circumstances, as petitioner included in his petition a request for fees associated with the FOIL application, the matter must be remitted to Supreme Court for a determination of an award of costs and fees pursuant to Public Officers Law § 89 (4) (c) (i).
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's request for fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.