Matter of Cuomo v James (2025 NY Slip Op 01164)

Matter of Cuomo v James

2025 NY Slip Op 01164

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 150515/24|Appeal No. 3795-3796|Case No. 2024-04640 2024-05437|

[*1]In the Matter of Andrew M. Cuomo, Petitioner-Respondent-Appellant,
v
Letitia James etc., et al., Respondents-Appellants-Respondents. 

Letitia James, Attorney General, New York (Matthew W. Grieco, Sr. of counsel), for appellants-respondents.
Glavin PLLC, New York (Rita M. Glavin of counsel), for respondent-appellant.

Judgment (denominated an order), Supreme Court, New York County (Nicholas W. Moyne, J.), entered June 10, 2024, which, inter alia, denied in part respondents' motion to dismiss the petition seeking to vacate or annul a September 20, 2023 determination of respondents' Freedom of Information Law (FOIL) Appeals Officer denying petitioner's appeal of an alleged constructive denial of his FOIL request seeking access to unredacted transcripts of 41 interviewees, unredacted video of interviews, and interview notes and memoranda for 179 witnesses, and seeking an order compelling respondents to disclose all responsive documents and awarding attorney fees, to the extent that it sought to dismiss the petition concerning nine partially redacted transcripts produced on March 1, 2024, and ordered respondents to file an answer as to those nine transcripts within 30 days, produce unredacted transcript copies to the court with redaction logs to facilitate in camera review, and awarded petitioner attorney fees in an amount to be determined at a later date, and otherwise dismissed the remainder of the petition as premature, unanimously reversed, on the law, without costs, respondents' motion to dismiss granted, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed. Order, same court and Justice, entered July 29, 2024, which modified the prior judgment to the extent of ordering respondents to produce the remaining transcripts within 60 days and to produce to the court unredacted copies of the transcripts and a privilege log to facilitate in camera review, unanimously reversed, on the law, without costs, and the order vacated.
Petitioner submitted a FOIL request to respondents on July 25, 2023 seeking notes and interview memoranda reflecting statements made by 179 witnesses interviewed as part of a sexual harassment investigation, as well as unredacted copies of transcripts or video footage of interviews. Within five business days, respondents acknowledged receipt of the request, then set an estimated date upon which respondents would begin to produce responsive documents. Specifically, respondents notified petitioner that it was in the process of preparing its response, and needed until March 1, 2024 to begin producing documents on a rolling basis in light of the volume of the potentially responsive documents, staffing constraints, and the detailed nature of the review necessary to prepare a response. Petitioner filed an administrative appeal, alleging that the approximately seven-month timeframe was unreasonable, and constituted a constructive denial of his FOIL request. On September 20, 2023, respondents denied the administrative appeal, finding that it had not constructively denied the request.
Petitioner commenced this article 78 proceeding in January 2024, prior to the initial March 1, 2024 production of documents, urging that respondents had constructively denied his FOIL request.
Initially, we find that petitioner failed to [*2]establish that respondents constructively denied his FOIL request. While the timeframe provided by respondents was not insignificant, respondents had a reasonable basis under the circumstances for concluding that it could begin to produce responsive documents by March 1, 2024. We also reject petitioner's contention that respondents failed to abide by the statutory timeframes for producing responsive documents, thereby constructively denying his request. Respondents acknowledged the request within five days and then set an estimated response time (see Public Officers Law § 89[3][a]). Public Officers Law § 89(3) mandates no specific time period for granting or denying a FOIL request (see Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 407 [1st Dept 2013], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]; Legal Aid Socy. v New York City Police Dept., 274 AD2d 207, 215 [1st Dept 2000], lv dismissed in part and denied in part 95 NY2d 956 [2000]). At the time that respondents estimated a March 1, 2024 response date, no determination had yet been made whether to grant petitioner's FOIL request for purposes of triggering the "date certain provision in Public Officers Law § 89(3)(a)"(see Matter of Save Monroe Ave. v New York State Dept. of Transp., 197 AD3d 808, 810 [3d Dept 2021], lv denied 38 NY3d 905 [2022]; Governor's Approval Mem, Bill Jacket, L 2005, ch 22 at 3; see also Matter of New York Times Co., 103 AD3d at 406-407).
Since we find that petitioner failed to establish that his request was constructively denied, any further review of respondents' response to the request would be premature, as petitioner failed to exhaust his administrative remedies by first seeking an administrative appeal and then challenging any decision reached on such appeal (see Public Officers Law § 89[4][b]; Matter of Braxton v Commissioner of N.Y. City Police Dept., 283 AD2d 253 [1st Dept 2001]; Matter of Almodovar v Altschuller, 232 AD2d 700, 700 [3d Dept 1996]]; see also Matter of Advocates for Children of N.Y., Inc. v New York City Dept. of Educ., 101 AD3d 445, 446 [1st Dept 2012]). We have considered petitioner's contention that exhausting his administrative remedies would have been futile or unduly burdensome and find it unavailing.
Since any review would be premature, the court should have granted respondents' motion to dismiss in its entirety and denied the petition. In light of this conclusion, we also find that the court should not have awarded attorney fees, and that the additional relief ordered in the court's July 2024 order was improper.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025