Matter of Maidenbaum & Sternberg, LLP v New York State Dept. of Taxation & Fin. (2025 NY Slip Op 06236)

Matter of Maidenbaum & Sternberg, LLP v New York State Dept. of Taxation & Fin.

2025 NY Slip Op 06236

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-24-1836
[*1]In the Matter of Maidenbaum & Sternberg, LLP, Appellant,
v
New York State Department of Taxation and Finance et al., Respondents.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Lynn Gartner Dunne & Frigenti, LLP, Melville (Kenneth L. Gartner of counsel) and Maidenbaum & Sternberg, LLP, Cedarhurst (Mark H. Miller of counsel), for appellant.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Richard Platkin, J.), entered October 8, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
In October 2023, petitioner filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request asking respondent Office of Real Property Tax Services (hereinafter ORPTS) — an office within respondent Department of Taxation and Finance — for information it used in computing the 2023 Residential Assessment Ratio (hereinafter RAR) for the Village of Freeport, Nassau County. More specifically, petitioner's request sought supporting documentation (hereinafter the parcel value breakdown) for the individual property values used in calculating the assessed value of residential property for the Village listed under item (A) on the 2022 Town Assessment Report (hereinafter column [A] value). Respondents' Records Access Office denied the request, stating that respondents do not calculate the column (A) value themselves; rather, that value is derived directly from the Village Assessor's Report and, therefore, respondents do not have the parcel value breakdown petitioner is seeking. Petitioner administratively appealed, and the determination was upheld by the FOIL Appeals Officer on the same reasoning.
In response, petitioner brought this CPLR article 78 proceeding seeking review of the determination and to compel the production of the requested records. In response, respondents provided petitioner with the parcel value breakdown and advised that they had provided the only responsive documentation in their possession. Unable to reach agreement with petitioner on a discontinuance, respondents answered, asserting as an objection in point of law that the proceeding must be dismissed as moot and contending that petitioner was not entitled to counsel fees. After the parties submitted briefing, Supreme Court dismissed the petition, agreeing with respondents that the proceeding was moot in light of the postpetition disclosure of the parcel value breakdown; the court also determined that petitioner was entitled to counsel fees up until the time this information was finally disclosed. Petitioner appeals.
We agree with Supreme Court's determination that the proceeding was rendered moot after respondents provided the only responsive documentation in their possession during the pendency of the proceeding. "Where a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties" (Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [3d Dept 2016] [citations omitted]; see Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d 1255, 1256-1257 [3d Dept 2021]).
Petitioner's FOIL request sought "information that was used to determine the value listed [*2]under item (A) of the Computation Report" — specifically, petitioner requested that respondents provide the parcel ID, block and lot of each property included in that determination. Although respondents initially provided erroneous information as to how the 3,500,982 value was calculated, respondents' communications with petitioner postpetition advised that the calculated value was an error and instead the correct column (A) value is 3,577,634. Respondents explained that this error was based on either someone entering the value incorrectly or the value was based on an outdated April 2022 Assessor's Report that was later replaced by an updated version. As respondents no longer maintained a copy of the outdated report to verify that this was the source of the mistaken original value listed under column (A), they indicated that they did not possess any additional documentation to produce. Consistent with those conversations, respondents submitted an affirmation from an attorney in their office who stated that the 3,500,982 value was "either a typographical or a calculation error," and certified that they are not in possession of any records that would support that value. The postpetition conversations between petitioner and respondents further reflect that, although the 3,577,634 value is used in computing the state equalization rate — an entirely different value that includes residential as well as other properties — it is also used in calculating the Village of Freeport's RAR since it provides the value for all class 1 residential properties in that municipality. Accordingly, we find that respondents fulfilled their FOIL obligation by turning over the parcel value breakdown information and certifying that they have no further responsive documentation to disclose (see Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [3d Dept 2018]; Matter of Johnson v Annucci, 146 AD3d 1259, 1260 [3d Dept 2017]). Petitioner does not dispute that the spreadsheet from respondents contains the parcel value breakdown as requested, and its contention that respondents have not provided all responsive documents is rooted in nothing more than speculation (see Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d 1413, 1418 [3d Dept 2024]; see also Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision, 233 AD3d 1130, 1132-1133 [3d Dept 2024], lv denied 44 NY3d 902 [2025]; Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446, 1451 [3d Dept 2021]). "Thus, under longstanding mootness principles, Supreme Court properly dismissed the proceeding as moot" (Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d at 1257 [citation omitted]; see Matter of Aron Law PLLC v Sullivan County, 214 AD3d 1186, 1189 [3d Dept 2023]; Matter of Cobado v Benziger, 163 AD3d at 1105). In light of the foregoing, petitioner's assertion that it was entitled to a hearing is rendered academic.
Finally, although [*3]a finding of mootness does not preclude petitioner's request for counsel fees and litigation costs (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [3d Dept 2020]), its contention that Supreme Court erred in limiting its award of counsel fees to the date of respondents' disclosure is improperly raised for the first time in its reply brief, rendering it abandoned (see Matter of Morris v New York State Police, 233 AD3d 1415, 1417 [3d Dept 2024], lv denied 44 NY3d 902 [2025]). Petitioner's remaining contentions, to the extent they are not addressed herein, have been considered and found unavailing.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.