■ In the Matter of HAROLD SCOTT, Appellant, v CHIEF MEDICAL EXAMINER OF THE CITY OF NEW YORK, Respondent. In the Matter of HAROLD SCOTT, Appellant, v THOMAS E. SLADE, as Assistant Deputy Commissioner for Legal Matters, et al.,

Respondents.

With respect to certain of petitioner's FOIL requests, the court below correctly determined that they were time-barred by the four-month statutory period contained in CPLR 217. However, with respect to petitioner's request made May 27, 1988, for certain police records and reports, as well as petitioner's request made May 16, 1988, requesting a police officer's memobook, we conclude that the article 78 proceeding was commenced within four months of the final agency action. However, the IAS court's denial of petitioner's request was not arbitrary or capricious. These police reports and records, including DD5s are interagency material, which are not final agency policy or determinations, and are exempted from disclosure under FOIL by Public Officers Law § 87 (2) (g) (iii) *(see, Oliva v Ward,* Index No. 40016/85, Sup Ct, NY County). Further, we conclude that a police officer's memobook, notwithstanding its evidentiary value at trial, remains the private property of that officer, and is exempted by Public Officers Law § 87 (2) (b), as well as aforesaid section 87 (2) (g).

With respect to petitioner's reliance on County Law § 677 (3) (b) for a copy of the autopsy report, and related materials, County Law § 2 expressly places New York County, which is wholly contained within a City, beyond the jurisdictional reach of the County Law, absent provision to the contrary. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.