■ In the Matter of ABDUL QAYYAM, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [642 NYS2d 28] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 31, 1994, which dismissed petitioner's application brought pursuant to CPLR article 78 seeking to compel respondents to comply with his request for Police Department documents pursuant to the Freedom of Information Law, unanimously affirmed, without costs.

The IAS Court properly found that the proceeding was time-barred since the petition was not verified until more than four months after respondent's response to petitioner's request (CPLR 217). In any event, this Court has held that police

follow-up reports (DD5s) are exempt from disclosure under the intra-agency material exemption pursuant to Public Officers Law § 87 (2) (g) (iii) (*Matter of Scott v Chief Med. Examiner*, 179 AD2d 443, *lv denied* 79 NY2d 758, *cert denied* 506 US 891; *Matter of Gould v New York City Police Dept.*, 223 AD2d 468, *lv granted* 88 NY2d 802; *Matter of Johnson v New York City Police Dept.*, 220 AD2d 320). The record also reveals that respondent satisfied its burden under the statute when it indicated that it could not locate any additional documents responsive to petitioner's request after an extensive and diligent search (*Matter of Rodriguez v Dillon*, 210 AD2d 416, *lv denied* 85 NY2d 807). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.