■ In the Matter of PETER L. RATTLEY, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [706 NYS2d 26] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 8, 1998, which granted respondent's motion to dismiss the CPLR article 78 petition as moot, finding that petitioner had been provided with all documents in the respondent's possession, unanimously reversed, on the law, without costs, and the matter remitted to Supreme Court for further proceedings in accordance with the decision herein.

The petition was improperly dismissed since the record shows that petitioner's claims were not moot and that respondent's alleged evidentiary proof offered in opposition was an insufficient basis for such a determination. Although respondent provided access to some of the records petitioner originally requested under the Freedom of Information Law ([FOIL] Public Officers Law § 84 *et seq*.), respondent's form letter to petitioner dated June 12, 1998 alleged that it was unable to

locate several others. These records were never subsequently produced and their non-production was never addressed with the requisite certification as to the performance of an extensive, diligent search (*see*, Public Officers Law § 89 [3]; *Matter of Qayyam v New York City Police Dept.*, 227 AD2d 188). Therefore, petitioner's claims remain viable. The counsel's affirmation and the above-mentioned form letter, submitted by respondent in support of its claim that a diligent search had been made for the requested records, were an insufficient basis for the motion court to determine, without a hearing, whether respondent had in fact conducted a diligent search. The affirmation was made without any apparent direct knowledge of the alleged search effort (*see*, *Matter of Key v Hynes*, 205 AD2d 779, 781), and both submissions lacked the requisite detail required under the circumstances to constitute a sufficient basis for the court's determination (*supra*). Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.