[713 NYS2d 3]

In the Matter of LEGAL AID SOCIETY et al., Respondents, v NEW YORK CITY POLICE DEPARTMENT, Appellant.

First Department, August 17, 2000

**APPEARANCES OF COUNSEL**

*Steven B. Wasserman* of counsel (*Michele Maxian, Legal Aid Society,* attorney), for respondents.

*Susan Rockford* of counsel (*Barry P. Schwartz* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellant.

*Sharon Y. Brodt* of counsel (*Richard E. Weill* on the brief; *Jeanine Pirro, District Attorney* of Westchester County, attorney), for New York State District Attorneys Association, *amicus curiae.*

**OPINION OF THE COURT**

SULLIVAN, P. J.

Prior to 1996, relying on *Matter of Scott v Chief Med.*

*Examiner of City of N. Y.* (179 AD2d 443, *lv denied* 79 NY2d 758, *cert denied* 506 US 891), the New York City Police Department routinely denied requests pursuant to the Freedom of Information Law ([FOIL] Public Officers Law §§ 84-90) for complaint follow-up reports as an exempt category of "intra-agency materials" under Public Officers Law § 87 (2) (g). Similarly, the Department also withheld police activity logs from FOIL disclosure on the ground that such documents were not agency records but were the personal property of the police officers who maintained them.

In 1996, the Court of Appeals held that "complaint follow-up reports are not categorically exempt from disclosure as intra-agency material and * * * activity logs are agency records subject to the provisions of FOIL." (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 273.) While stressing that "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (*supra,* at 275), the Court noted that the Department "is entitled to withhold [records] under any * * * applicable exemption, such as the law-enforcement exemption" (*supra,* at 277), and that "to invoke one of the exemptions of section 87 (2), the agency must articulate 'particularized and specific justification' for not disclosing requested documents [citation omitted]." (*Supra,* at 275.) Accordingly, it remanded the matter "to determine whether the Police Department can make a particularized showing that a statutory exemption applies to justify nondisclosure of the requested documents." (*Supra,* at 273.)

Petitioners, defendants in pending criminal prosecutions, brought this CPLR article 78 proceeding challenging the denial of their FOIL requests for records compiled by the New York City Police Department in connection with their prosecutions. The primary question on this appeal is whether, as the Supreme Court held in granting relief, such requests can be denied only upon a "prompt, detailed, fact-specific" reason for nondisclosure. In our view, there is no such requirement to exempt these records from disclosure under section 87 (2) (e) (i)[1] of the Public Officers Law.

By letters dated May 12 through May 15, 1997 to the Police Department, petitioners Holloway, Jennings, Allendes and

---

1. Public Officers Law § 87 (2) (e) (i) exempts from disclosure "records or portions thereof that * * * are compiled for law enforcement purposes and which, if disclosed, would * * * interfere with law enforcement investigations or judicial proceedings."

Umar, all of whom had criminal charges pending against them, made FOIL requests, through their Legal Aid Society defense attorneys, for documents relating to those charges, including complaint report worksheets, complaint follow-up reports, arrest reports, activity log entries and arrest photos.[2] By letters dated May 20 through May 22, 1997, the Department, relying on Public Officers Law § 87 (2) (e) (i), denied the requests on the ground that release of the records "at this time would interfere with an on-going investigation or judicial proceeding." Holloway's request was denied on the additional ground that the information sought, if disclosed, would endanger the life or safety of another person (Public Officers Law § 87 [2] [f]). Petitioners sought administrative review, and when the Department failed to respond within the 10-day statutory period (Public Officers Law § 89 [4] [a]), they commenced this article 78 proceeding, arguing that the Department's "uniform, verbatim response to all FOIL applications * * * by criminal defendants awaiting trial" is contrary to the provisions of the Public Officers Law and that, pursuant to *Matter of Gould v New York City Police Dept.* (89 NY2d 267, *supra*), an accused's access to Police Department records under FOIL is unaffected by the discovery provisions of the Criminal Procedure Law.

In its answer, the Department asserted that, upon further evaluation, it had determined that certain documents, i.e., the arrest reports (redacted) of Holloway, Allendes, Umar and Jennings, the arrest photos of Holloway, Umar and Jennings, and the property clerk's invoice with respect to Umar, no longer posed a danger to any person or to any judicial proceedings and would be made available.

The Department asserted, however, that the complaint report worksheet and complaint follow-up informational reports requested by petitioner Jennings were exempt from disclosure since they contained witness identifying details as well as summary statements from witnesses who had not given courtroom testimony. Disclosure of this information, the Department asserted, would interfere with a judicial proceeding, constitute an unwarranted invasion of privacy, endanger the life and safety of the witnesses identified therein and violate the public interest privilege. Additionally, disclosure of the complaint follow-up report would reveal confidential information relating to a criminal investigation or nonroutine investigatory techniques. The Department offered to make all

---

**2.** The requests consisted of checklists that the Department uses to assemble documents for prosecutors in pending criminal prosecutions.

the documents claimed to be exempt from disclosure available to the court for in camera review.

Petitioners thereafter moved to amend the petition to request certification of a class to be defined as persons with pending criminal cases who apply to the Police Department under FOIL for records relating thereto, to reflect themselves as class representatives and for specific systemic relief as to procedures to be used by the Police Department to respond to such requests, including a declaratory judgment that "members of the * * * class are entitled to receive * * * an individualized review and a specific response to their applications for agency records as provided by FOIL" and various forms of injunctive relief directing the Police Department to process FOIL requests in a specified manner.

In a supplemental affirmation filed prior to the Department's answer to the amended petition, petitioners noted that at or around the time of their motion for class certification, the Department had voluntarily discontinued its use of a form rejection letter and had instituted new procedures, which included an initial response acknowledging receipt of the application requesting access to certain records, informing the applicant that the records must be located and reviewed to assess the applicability of the exemptions from disclosure set forth in FOIL and that the review would be completed within 120 days, and advising the applicant that he or she may appeal "this decision" within 30 days of the date of the letter.

In their submissions to the court, petitioners argued that the Police Department's new procedures were "strictly cosmetic" in that "the new procedures simulate a process of individualized deliberation with respect to the class, but mask a continuation of the old policy[,] first delaying and then denying any access to information gathered by the police while criminal cases are pending." They further argued that the 120-day review period grossly exceeds the mandatory 15-day limitation for a FOIL response (43 RCNY 1-05 [d]) and would exceed the life expectancy of most criminal prosecutions, thereby effectively denying FOIL access to the proposed class.

In its answer to the amended petition, the Department reiterated the history of its responses to petitioners' FOIL requests and asserted mootness as to those documents not exempt from FOIL disclosure and already furnished to petitioners. The Department argued that since petitioners' original requests and its denials thereof were made prior to the institution of the revised procedures, petitioners lacked standing to chal-

lenge the revised procedures. In addition, in opposing class certification, the Police Department argued that the governmental operations rule mandated denial of the request for class action certification.

Petitioners subsequently moved to amend the petition further to add, as additional petitioners, Garcia, Hari and Haggerty, to whose FOIL requests, processed under its revised procedures, the Department had allegedly improperly responded. The Department's answer explained that any denial of access with respect to the three proposed petitioners was based on consultation with the appropriate prosecutor who advised that release of the records would interfere with the ongoing criminal case. The Department also noted that its response letter advising that it would make a final determination on a FOIL request within 120 days was a standard response, not just one applicable to an applicant with a pending criminal case.

The Supreme Court granted petitioners' amended petition for class certification and for declaratory and injunctive relief. It found that granting the motion to add the three new petitioners cured any petition defect with respect to mootness or standing. It rejected the Department's argument that class certification was inappropriate by virtue of the governmental operations rule, finding that the Department was unwilling to follow *Matter of Gould v New York City Police Dept.* (89 NY2d 267, *supra*), concluding that the matter was "one of those rare cases where the continued and obvious resistance on the part of governmental officials to follow the mandate of the law makes class certification appropriate." The court held that to justify nondisclosure or redaction there must be a "prompt, detailed, fact-specific reason * * * by an individual within the Department who has personally located and identified the documents and has explained the factual and legal bases for nondisclosure." The court inveighed against the Department's reliance, in denying disclosure under its new procedure, on the opinion of a prosecutor "who might believe that his/her case against the applicant might be weakened if disclosure were to be provided." FOIL's exemptions, the court stressed, were not intended to give the prosecution "a strategic advantage over a defendant by possessing more information about a case." Finally, on the question of a time frame for the Department's response to a FOIL request from a defendant in a pending criminal case, the court held that the 15-day period provided in 43 RCNY 1-05 (d) is presumably the appropriate time period for compliance, except in the extraordinary case. We reverse.

■ In our view, the Supreme Court erred in granting class certification. "[W]here governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of *stare decisis* \* \* \* class action relief is not necessary." (*Matter of Jones v Berman*, 37 NY2d 42, 57.) The governmental operations rule "cautions against class certification where governmental operations are involved, since any relief granted to the named plaintiffs would adequately flow to and protect others similarly situated under principles of stare· decisis." (*New York City Coalition to End Lead Poisoning v Giuliani*, 245 AD2d 49, 51, citing *Matter of Martin v Lavine*, 39 NY2d 72, 75.) With respect to the interest that petitioners have in common in this action, that is, the lawfulness of the Department's procedures in responding to their FOIL requests relating to pending criminal cases, class certification is unnecessary. Any other issue affecting proposed class members is individualized, and depends on the circumstances of each petitioner's case, including the nature of the crime, the number and identity of witnesses and scope of the investigation, factors not served by class certification.

The exception to the rule, a "narrow" one (*Mitchell v Barrios-Paoli*, 253 AD2d 281, 292), permits class certification only when the government has revealed a " 'demonstrated reluctance' " to extend mandated relief to parties other than the individual plaintiffs before the court. (*Supra,* at 292; *Varshavsky v Perales*, 202 AD2d 155, 155-156.) While, in the present case, the Supreme Court concluded that there has been "continued and obvious resistance on the part of government officials to follow the mandate of the law," it has not been shown that the Police Department has flouted any previous court orders. (*See, Mitchell v Barrios-Paoli, supra*, 253 AD2d, at 292.) Indeed, the position the Department has taken—that denial of FOIL requests for law enforcement records by criminal defendants in pending prosecutions is justified on the ground that disclosure would interfere with the prosecutions—has been upheld. (*Matter of Pittari v Pirro*, 258 AD2d 202, *lv denied* 94 NY2d 755.)

■ Nor are we in agreement with the Supreme Court's declaration that, in responding to FOIL requests from persons with pending criminal matters, the Department must, in a timely fashion, either provide the documents sought or furnish "a specific, factually based explanation (individual to [the requesting person's] situation) as to why that document, in whole or in part is exempt from disclosure as well as the legally-claimed statutory exemption." It is true that in *Matter*

*of Gould v New York City Police Dept.* (89 NY2d 267, 273, *supra*); the Court of Appeals refused to find complaint follow-up reports "categorically exempt" from disclosure as intra-agency material (*see,* Public Officers Law § 87 [2] [g]) and held that the Department was required to make a "particularized showing * * * to justify nondisclosure of the requested documents." Our conclusion is not, however, based only on the nature of the documents sought; our primary consideration is the compelling circumstance that a criminal proceeding is pending. We are persuaded that the assertion that disclosure of records to a defendant in a pending criminal prosecution would interfere with that proceeding is a sufficiently particularized justification for the denial of access to those records under Public Officers Law § 87 (2) (e) (i), since, as the Court held in *Matter of Pittari v Pirro* (258 AD2d 202, *supra*), FOIL disclosure during the course of the prosecution would not only "interfere with the orderly process of disclosure" set forth in CPL article 240³ (*supra,* at 206), it would also create a substantial likelihood of delay in the adjudication of that proceeding (*supra,* at 207), thereby effecting a chill on that prosecution (*supra,* at 206).

We also agree with the Second Department's holding in *Pittari* that "a generic determination" could be made that disclosure under FOIL of documents pertaining to a petitioner's arrest and prosecution would interfere with the pending criminal proceeding (258 AD2d, *supra,* at 206). In deciding whether respondent law enforcement agencies were entitled to a " 'blanket law enforcement exemption where there are pending criminal investigations,' " the Court in *Pittari* (*supra,* at 204) looked to Federal case law, since the law enforcement exemption contained in section 87 (2) (e) (i) of the Public Officers Law—as well as many other FOIL provisions—was patterned after the Federal analogue, 5 USC § 552 (b) (7) (A).⁴ (*See,* Mem of Sen. Marino, 1977 NY Legis Ann, at 330-331; *see also, Matter of Fink v Lefkowitz,* 47 NY2d 567, 572.) The Court relied, in particular, on *National Labor Relations Bd. v Robbins Tire &*

---

**3.** While, concededly, in *Matter of Gould v New York City Police Dept.* (89 NY2d 267, 274), the Court declined to read into the Criminal Procedure Law a categorical limitation precluding defendants from seeking documents relating to their own criminal proceedings, "the orderly process of disclosure" was not a consideration since the criminal proceedings had all been concluded.

**4.** The version of 5 USC § 552 (b) (7) (A) upon which Public Officers Law § 87 (2) (e) (i) was patterned exempted from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information * * * [would] interfere with enforcement proceedings."

*Rubber Co.* (437 US 214), in which the Supreme Court, rejecting the notion "that no generic determinations of likely interference can ever be made" (*supra*, at 236), held that the Federal law enforcement exemption was not "intend[ed] to prevent the federal courts from determining that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings' " (*supra*, at 236).

Finally, we also note our disagreement with the Supreme Court's conclusion that, except in the extraordinary case, FOIL requests should be complied with within the 15-day period set forth in the FOIL rules. (*See*, 43 RCNY 1-05 [d].) Public Officers Law § 89 (3) requires that, within five business days of receipt of a written request for records, an agency must either make the records available, deny the request or acknowledge receipt of the request and state the approximate date when the request will be granted or denied. Under the Rules of the City of New York, the approximate date of the determination regarding a record request may not exceed 10 business days from the date of the acknowledgment of receipt of the request (43 RCNY 1-05 [d]), a total of 15 days from receipt. If the agency does not make a determination with respect to the request within 10 business days from the date of the acknowledgment, the request may be deemed denied and an administrative appeal may be taken. (*Ibid.*) In *Lecker v New York City Bd. of Educ.* (157 AD2d 486, *appeal dismissed* 75 NY2d 946), a similar provision, which required either the grant or denial of access to records within 10 days after the acknowledgment of receipt of the request for records (21 NYCRR 1401.5 [d]), was held invalid on the ground that it was inconsistent with Public Officers Law § 89 (3), which, as noted, contains no such time limitation. (*See also, Matter of O'Donnell v Donadio,* 259 AD2d 251, *lv dismissed* 93 NY2d 1032 [Court held that 10-day period set forth in 43 RCNY 1-05 (d) "may" conflict with Public Officers Law § 89 (3), but found that petitioner lacked standing to contest validity of rule].) Since the 10-day period in 43 RCNY 1-05 (d) is inconsistent with section 89 (3), and section 89 (3) mandates no time period for disclosing records under FOIL, the IAS Court's imposition of a 15-day time period was improper.[5]

---

5. In imposing the time limitation, the Supreme Court also noted that as it was proper for criminal defendants to use FOIL as a means of disclosure,

Accordingly, the order and judgment (one paper) of Supreme Court, New York County (Alice Schlesinger, J.), entered December 4, 1998, which granted petitioners' amended motion for class certification and for declaratory and injunctive relief, should be reversed, on the law, without costs or disbursements, the amended motion for class certification denied and the petition dismissed.

MAZZARELLI, ELLERIN, LERNER and FRIEDMAN, JJ., concur.

Order and Judgment (one paper), Supreme Court, New York County, entered December 4, 1998, reversed, on the law, without costs or disbursements, the amended motion for class certification denied and the petition dismissed.

---

"there should be a response in a meaningfully timely manner so that such disclosure can be used in preparation for trial." Access to records under FOIL, however, does not depend on the purpose for which the records are sought. (*Matter of Gould v New York City Police Dept.*, *supra*, 89 NY2d, at 274; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 78; *see, Matter of Pittari v Pirro*, 258 AD2d 202, 204, *supra*.)