In the Matter of DARYL WHITLEY, Appellant, v NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE et al., Respondents. [955 NYS2d 42]—

Respondents' determination was not affected by an error of law (*see* CPLR 7803 [3]; *Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]). Respondents correctly determined that disclosure of the requested documents would have interfered with petitioner's then-pending criminal appeal and any subsequent proceedings in the underlying criminal case (*see* Public Officers Law § 87 [2] [e] [i]; *Matter of Moreno v New York County Dist. Attorney's Off.*, 38 AD3d 358, 358 [1st Dept 2007], *lv denied* 9 NY3d 801 [2007]). Respondents generically identified the kinds of documents sought and the risks of disclosing the documents (*see Matter of Lesher v Hynes*, 19 NY3d 57, 67 [2012]; *Matter of Legal Aid Socy. v New York City Police Dept.*, 274 AD2d 207, 214 [1st Dept 2000], *lv dismissed in part, denied in part* 95 NY2d 956 [2000]). We reject petitioner's contention that respondents were required to set forth particularized findings about whether the FOIL exemption at issue applied to each responsive document (*see Lesher*, 19 NY3d at 67; *Legal Aid Socy.*, 274 AD2d at 213-214).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.