Matter of Jewish Press, Inc. v Kingsborough Community Coll. (2022 NY Slip Op 00355)





Matter of Jewish Press, Inc. v Kingsborough Community Coll.


2022 NY Slip Op 00355


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 159039/19 Appeal No. 15126 Case No. 2021-02189 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
Kingsborough Community College et al., Respondents-Respondents.


Aron Law, PLLC, Brooklyn (Samuel C. Spirgel of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 4, 2021, which, insofar as appealed from as limited by the briefs, granted petitioner's motion for reargument of its application for attorney's fees in accordance with Public Officers Law § 89(4)(c), and, upon reargument, adhered to the denial of the application for attorney's fees, unanimously affirmed, without costs.
Kingsborough Community College (KCC) and the City University of New York (CUNY, together with KCC, respondents) had a reasonable basis for withholding documents relating to employee and student complaints about incidents of anti-Semitism at respondent KCC (see Public Officers Law § 89[4][c]; Matter of Rauh v de Blasio, 161 AD3d 120, 126-127 [1st Dept 2018]). As to the employee complaints, respondents did not expressly cite Public Officers Law § 87(2)(e)(i); however, in explaining their decision to deny access, they were plainly referring to the factors underlying the law enforcement exemption (see Madeiros v New York State Educ. Dept., 30 NY3d 67, 74-75 [2017]; see also Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 226-227 [2018]). Therefore, for purposes of assessing the reasonableness of their decision to withhold, respondents sufficiently invoked the substance of that exemption (Matter of Legal Aid Socy. v New York City Police Dept., 274 AD2d 207, 214 [1st Dept 2000], lv dismissed in part, denied in part, 95 NY2d 956 [2000]).
Furthermore, that KCC chose to task an outside law firm with investigation of employee complaints does not mean that respondents had no reasonable basis for invoking the law enforcement exemption, as the exemption "does not apply solely to records compiled for law enforcement purposes in connection with criminal investigations" (Madeiros, 30 NY3d at 75). Instead, consistent with its purposes, the exemption has been held to apply to a range of civil investigations, including internal agency investigations (see id. at 76; Matter of Scaccia v New York State Div. of State Police, 138 AD2d 50, 53 [3d Dept 1988]). Respondents therefore had a reasonable basis for finding that an agency's decision to delegate a potentially sensitive internal investigation to an independent outside entity was consistent with the purposes of the law enforcement exemption.
Existing case law likewise provided respondents with a reasonable basis for withholding student complaints as protected "education records" under the Federal Educational Rights and Privacy Act (FERPA) (20 USC § 1232g[a][4][A][i]-[ii]; 34 CFR 99.3; see Matter of Huseman v New York City Dept. of Educ., 2016 NY Slip Op 30959[U], *2, 8 [Sup Ct, NY County 2016]). The decision in Matter of The Jewish Press, Inc. v Brooklyn Coll. (2020 NY Slip Op 31650[U] [Sup Ct, Kings County 2020]), which held that student complaints about discrimination are not covered by FERPA, was not issued until May 2020, more than a year after these FOIL requests. Respondents also had a reasonable basis [*2]for finding that the student complaints could not be produced even if personally identifying information was redacted, as student complaints were detailed and redaction of personal identifiers would not prevent readers from deducing who the complainants were (see Matter of Asian Am. Legal Def. & Educ. Fund v New York City Police Dept., 125 AD3d 531, 532 [1st Dept 2015], lv denied, 26 NY3d 919 [2016]; Huseman, 2016 NY Slip Op 30959[U], *11).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022