| |
|---|
| **Lee v City of New York** |
| 2024 NY Slip Op 34340(U) |
| December 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154862/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**
                                  *Justice*

PART              04

-----------------------------------------------------------------------------X

STEVEN LEE,

                       Petitioner,

- v -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT,

                     Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154862/2023 |
| **MOTION DATE** | 05/01/2023, 09/29/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 46, 47, 49, 50, 62

were read on this motion for               ARTICLE 78 (BODY OR OFFICER)    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion for                  CLASS CERTIFICATION       .

Upon the foregoing papers, petitioner's motion for class certification is denied and respondent's motion to dismiss the petition's claims for relief as they pertain to the proposed class is granted.

Petitioner Steven Lee brings this special proceeding to compel respondent New York City Police Department ("NYPD") to respond to his FOIL request of July 21, 2021 (Request 2021-056-10998). On February 16, 2022, the NYPD extending its time to respond to Lee's request to June 24, 2022. On January 17, 2023, Petitioner submitted a written appeal from the constructive denial of his FOIL request to the NYPD's FOIL Appeals Officer. On January 27, 2023, in response to Petitioner's written appeal, the NYPD's FOIL Appeals Officer denied Petitioner's appeal as premature and has yet to respond to Petitioner's FOIL request.

**154862/2023  LEE, STEVEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

Page 1 of 4

1 of 4

Petitioner also brings this special proceeding as a proposed class action to address respondents' failure to respond to 4,660 other FOIL requests which also had an extended due date of June 24, 2022. The petition presently asserts the following claims for relief: Article 78 review of the wrongful denial of petitioner's FOIL request; class action certification; a declaratory judgment that the NYPD's failure to provide a response to the 4,660 FOIL requests assigned a due date of June 24, 2022 constitutes a constructive denial of these requests and an order directing the NYPD to render substantive decisions on each of these FOIL requests; certification of class counsel; and attorney's fees and costs pursuant to POL §§89(4)(c)(i) and (c)(ii) and CPLR 909.[1]

Respondents move to dismiss the petition's claims for relief related to the proposed class action. Petitioner opposes and, in motion sequence 002, moves for certification of a class composed of all persons who submitted a FOIL request to the NYPD from 2018 to 2021 which were given a response date of June 24, 2022, but have not received a response at the time of the petition's filing.

## DISCUSSION

Petitioner's motion for class action certification is denied, as such certification is barred by the governmental operations rule. This rule dictates that "a class action is usually unnecessary because stare decisis and the uniformity of governmental operations ensure that all similarly situated persons will receive the relief ordered by the court" (Mitchell v Barrios-Paoli, 253 AD2d 281, 292 [1st Dept 1999]; see also Legal Aid Soc. v New York City Police Dept., 274 AD2d 207, 213 [1st Dept 2000] [internal citations omitted]). In this case, as in Legal Aid Society v New York City Police Department, "class certification is unnecessary" as to "the interest that [the proposed class] petitioners have in common in this action" i.e., "the lawfulness of the Department's procedures in responding to their FOIL requests" while "[a]ny other issue affecting proposed class

---

[1] Petitioner voluntarily withdrew his Second, Third, Fifth, Sixth, Eight, and Tenth claims for relief (NYSCEF Doc. No. 49).

**154862/2023   LEE, STEVEN vs. THE CITY OF NEW YORK ET AL**                                    **Page 2 of 4**
**Motion No.  001 002**

members is individualized, and depends on the circumstances of each petitioner's case…" (Legal Aid Soc. v New York City Police Dept., 274 AD2d 207, 213 [1st Dept 2000]).

Contrary to petitioner's claim, the "narrow" exception to the governmental operations rule (Mitchell v Barrios-Paoli, 253 AD2d 281, 292 [1st Dept 1999]), does not apply here. This exception permits class certification where the government has revealed a "'demonstrated reluctance' to extend mandated relief to parties other than the individual plaintiffs before the court" (Legal Aid Soc. v New York City Police Dept., 274 AD2d 207, 213 [1st Dept 2000] [internal citations omitted]). In this case, however, "it has not been shown that the Police Department has flouted any previous court orders" (Legal Aid Soc. v New York City Police Dept., 274 AD2d 207, 213 [1st Dept 2000] [internal citations omitted]). Petitioner argues that "[d]espite the First Department's holding in Matter of Kohler-Hausmann, the NYPD has refused to implement a procedure to process appeals from constructive denials … [but simply denies] the appeal as premature and instruct[s] the FOIL requester to wait" yet Kohler-Hausmann did not mandate the implementation of such a process. Rather, it stands for the proposition that a petitioner's administrative remedies are exhausted once the NYPD denies an administrative appeal of the constructive denial of a FOIL request (including, presumably, a denial of the appeal as premature) and the appropriate course after such a denial is to commence an Article 78 proceeding, as petitioner has done (Matter of Kohler-Hausmann v NY City Police Dept., 133 AD3d 437 [1st Dept 2015]).

Accordingly, it is

**ORDERED** that petitioner's motion for class certification is denied and respondents' cross-motion to dismiss the petition's class certification claims is granted and the petition's fourth, seventh, ninth, eleventh, and fourteenth claims for relief are hereby dismissed; and it is further

**154862/2023   LEE, STEVEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that petitioner shall amend his petition to remove all allegations and claims as to the proposed class and file this amended petition on or before December 20, 2024; and it is further

**ORDERED** that respondents shall answer the petition, as modified by this decision, on or before January 24, 2025; and it is further

**ORDERED** that petitioner shall upload a reply, if any, by February 10, 2025; and it is further

**ORDERED** that the petition shall be marked as submitted on February 11, 2025.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **12/12/2024**<br>**DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154862/2023   LEE, STEVEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 4 of 4**

4 of 4

[* 4]