| |
|---|
| **Haddad v Bragg** |
| 2025 NY Slip Op 31779(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158493/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**

*Justice*

----------------------------------------------------------------------------X

JAMES M. HADDAD,

Petitioner,

- v -

ALVIN L BRAGG, in his official capacity as District Attorney
of the County of New York,

Respondent.

----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 04 |
| INDEX NO. | 158493/2023 |
| MOTION DATE | 08/28/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion for _____ ARTICLE 78 (BODY OR OFFICER) _____ .

Upon the foregoing documents, the petition is denied and this special proceeding dismissed.

In this Article 78 proceeding, petitioner James M. Haddad seeks to compel respondent to produce certain material seized pursuant to a search warrant executed in connection with a now-completed criminal matter.

## FACTUAL BACKGROUND

On December 9, 2022, a grand jury charged OneTeam Restoration, Inc., its owner and president, Mario Rojas, Jr., and certified public accountant Steven Lyon with three counts of Insurance Fraud in the First Degree and Falsifying Business Records in the First Degree based on

158493/2023   JAMES M. HADDAD vs. BRAGG JR., ALVIN L
Motion No.  001

Page 1 of 7

1 of 7

allegations that Lyon, Rojas, and OneTeam engaged in a scheme to defraud the New York State Insurance Fund[1] (NYSCEF Doc No. 1, petition 14). They were arraigned on January 18, 2023.

On April 26, 2023, petitioner submitted a FOIL to respondent, the New York County District Attorney's Office stating:

> On January 18, 2023, the DA indicted One Team Restoration, Mario Rojas, & Steven Lyon. Please see attached transcript. The transcript at pages 2-3 makes reference to certain documents being provided to the Court, which we believe are public record and discoverable via FOIL, in particular, the transcript refers to: "an additional copy of the indictment, our factual summary sheet and Automatic Discovery Form and its addendum. The original rap sheets, warrants and corporate summons, production log and <u>a thumb drive containing the discovery materials that we're turning over today</u>." I respectfully request a copy of these materials be provided to me via FOIL.

(NYSCEF Doc No. 2, FOIL request [emphasis added]). The "discovery materials" on this thumb drive were, at least in part, thousands of pages of these defendants' business and financial records seized pursuant to a search warrant.

On April 27, 2023, respondent's Records Access Officer ("RAO") Corey S. Shoock denied petitioner's request on the grounds that disclosure would "interfere with the criminal judicial process, as well as with any further investigation and future judicial proceedings that might be necessary," as the criminal prosecution against One Team, Rojas, and Lyon was ongoing (NYSCEF Doc No. 3). On May 1, 2023, petitioner appealed the denial of his FOIL request (NYSCEF Doc No. 5).

On May 4, 2023, Rojas and OneTeam pled guilty to one count each of First Degree Falsifying Business Records and were sentenced that day.

---

[1] On April 24, 2023, Lyon was charged with additional counts of Insurance Fraud in the First Degree, Insurance Fraud in the Second Degree, Forgery in the Second Degree, and Falsifying Business Records in the First Degree.

**158493/2023  JAMES M. HADDAD vs. BRAGG JR., ALVIN L**
**Motion No. 001**

**Page 2 of 7**

2 of 7

[* 2]

On May 11, 2023, Appeals Officer ("AO") Robin McCabe granted petitioner's appeal in

part and denied it in part, writing:

> As an initial matter, I note that the prosecutions against two of the three defendants, One Team Restoration, Inc. and Mario Rojas have been disposed of since the RAO's determination. The third defendant, Steven Lyon, remains open. I therefore uphold the RAO's determination and denial on pending judicial proceeding grounds and incorporate by reference his reasoning and cited authority…
>
> Given that the status as to two defendants has changed since the initial denial, I am however remanding this matter back to the RAO to review only the indictment and motions filed with the court and provide access to said records to the extent they are not otherwise exempt and/or disclosure of which will not interfere with the pending prosecution. I am otherwise upholding denial of all other requested records, including discovery material, rapsheets, warrants, etc. on pending and other grounds noted below.

(NYSCEF Doc No. 6, appeal decision).

> In a post-remand decision on June 16, 2023, RAO Shoock wrote:
>
> [P]ursuant to that portion of the AO's decision granting your appeal, you will be provided access to the following thirty-three (33) pages of material … [but] [i]nsofar as criminal charges remain pending against defendant Steven Lyon, Omnibus Motion papers relating to defendant Lyon, discovery produced in the criminal prosecution against defendant Lyon, together with email correspondence between opposing counsel and with the Court, is exempt from production on the grounds that disclosure of such records would interfere with three pending prosecutions conducted by this Office against this defendant …

(NYSCEF Doc No. 7, post-remand decision [emphasis added]).

On June 22, 2023, petitioner appealed this post-remand decision, asserting that

"'discovery produced in the criminal prosecution' is not subject to a blanket protection

unless the file has been sealed by court order …" (NYSCEF Doc No. 8, appeal).

> On July 6, 2023, AO McCabe denied petitioner's appeal, writing:
>
> Your FOIL request was properly denied based on an active prosecution of a third co-defendant …
>
> Notwithstanding the pending status of the co-defendant's prosecution, in response to your claims that you are entitled to grand jury material other than minutes, and

**158493/2023  JAMES M. HADDAD vs. BRAGG JR., ALVIN L**
**Motion No.  001**

**Page 3 of 7**

3 of 7

[* 3]

documents seized pursuant to a search warrant, I also find applicable the following statutory exemptions under FOIL, pursuant to POL §87(2)(a), as follows:

…

(b) Evidence obtained pursuant to a statutory scheme pertaining to search warrants and seized property are not publicly available absent a written order from the judge who issued them … And, evidence seized pursuant to a search warrant is not considered a "record" that is subject to FOIL

(NYSCEF Doc No. 9).

On August 24, 2023, Lyon pled guilty to first-degree insurance fraud.

On August 25, 2023, petitioner filed the instant petition, in which he acknowledged that the seized business and financial records "may well be relevant evidence in the proceeding," but argued that producing these documents would not interfere with the criminal action and that the Freedom of Information Law requires a more particularized investigation into whether any of this material could be disclosed, either in whole or in redacted form, rather than the blanket denial by respondent. Respondent interposed an Answer arguing, in sum and substance, that AO McCabe's denial was correct and the petition should therefore be denied.

## DISCUSSION

FOIL "imposes a broad duty on government to make its records available to the public" (*Gould v New York City Police Dept.,* 89 NY2d 267, 274 [1996]) and "[a]ll government records are thus presumptively open for public inspection and copying" unless they fall within an enumerated statutory exemption contained in Public Officers Law § 87(2) (*Matter of Gallogly v City of New York*, 51 Misc 3d 296, 299 [Sup Ct, NY County 2016] [internal citations omitted]). "The burden rests on the agency to establish that requested material qualifies for any of the exemptions, which must be narrowly construed" (*id.* [internal citations omitted]). "[J]udicial review of an agency's determination of a FOIL request is limited to whether it 'was affected by an

158493/2023   JAMES M. HADDAD vs. BRAGG JR., ALVIN L
Motion No.  001

Page 4 of 7

4 of 7

[* 4]

error of law'" (*Oustatcher v Clark*, 217 AD3d 478, 479 [1st Dept 2023] [internal citations omitted], *lv to appeal denied*, 40 NY3d 908 [2023]).

Respondent has met its burden by establishing that the requested records fell "squarely" within an exemption to disclosure (*see Matter of New York Comm. for Occupational Safety & Health v. Bloomberg,* 72 AD3d 153, 158 [1st Dept 2010]), i.e., Public Officers Law §87(2)(e)(i). This statute "exempts from disclosure 'records or portions thereof that ... are compiled for law enforcement purposes and which, if disclosed, would ... interfere with law enforcement investigations or judicial proceedings'" (*Legal Aid Soc. v New York City Police Dept.*, 274 AD2d 207, 209 [1st Dept 2000]). While, as a general matter, "[a]n agency is required to articulate a 'particularized and specific justification' for withholding information" (*Matter of Gallogly v City of New York*, 51 Misc 3d 296, 299 [Sup Ct, NY County 2016] [internal citations omitted]), when invoking POL §87(2)(e)(i), an agency "fulfill[s] its burden under Public Officers Law §89(4)(b) to articulate a factual basis for the exemption" simply by "identify[ing] the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (*Matter of Lesher v Hynes*, 19 NY3d 57, 67 [2012]).

Respondent has done so here, identifying the documents as business and financial records seized from OneTeam Restoration, Inc., Mario Rojas, Jr., and Steven Lyon pursuant to a search warrant and explaining that disclosure of this material, much which would "probably been later deemed inadmissible at trial for reasons that would have been impossible to predict at such an early stage of the proceedings, could have tainted potential jurors" (NYSCEF Doc No. 21, answer at pp. 9-10) thereby endangering these defendants' right to a fair trial (*see Matter of Lesher v Hynes*, 19 NY3d 57, 67-68 [2012] [District Attorney's identification of records as correspondence with the United States Department of State "consist[ing] of crime summaries, timelines of when

158493/2023   JAMES M. HADDAD vs. BRAGG JR., ALVIN L
Page 5 of 7
Motion No. 001

[* 5]
5 of 7

and where each crime occurred, witness names and personal information, and witness statements," and explanation that disclosure would risk "prematurely tipping the District Attorney's hand" to defendant supported its denial of FOIL request]).

To the extent petitioner believes greater specificity is required by respondent, he is incorrect[2] (*see Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 226-27 [2018] ["in the case of a pending criminal … prosecution, a law enforcement agency is not required to make a specific evidentiary showing relating to the likelihood that disclosure of records would pose any unique or unusual danger of interference in the individual case that is the subject of the request"]; *Whitley v New York County Dist. Atty.'s Off.*, 101 AD3d 455 [1st Dept 2012] ["We reject petitioner's contention that respondents were required to set forth particularized findings about whether the FOIL exemption at issue applied to each responsive document"]). Neither does the fact that the criminal proceeding involving OneTeam Restoration, Inc., Mario Rojas, Jr., and Steven Lyon is now disposed have any bearing on this special proceeding, which is concerned with the propriety of the FOIL determination at the time petitioner's FOIL request was denied, prior to Lyons's guilty plea (*see e.g. Lesher v Hynes*, 19 NY3d 57, 68 [2012]).

In light of the foregoing, the Court does not reach the parties' dispute as to whether POL §87(2)(a) provided an independent basis for respondent to withhold these records, on the grounds that their production would violate CPL §690.55.

---

[2] To the extent that petitioner, in reply, cites to an advisory opinion of the Committee on Open Government, advisory opinions are "neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency" (*Matter of Buffalo News, Inc. v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 493 [1994] [internal citations omitted]; *see also Digital Forensics Unit, Legal Aid Socy. v Records Access Officer, New York City Police Dept.*, 214 AD3d 532, 534 [1st Dept 2023]) and the Court does not find the submitted opinion persuasive in light of intervening appellate authority.

158493/2023   JAMES M. HADDAD vs. BRAGG JR., ALVIN L                                Page 6 of 7
Motion No.  001

6 of 7

[* 6]

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this special proceeding dismissed; and it is further

**ORDERED** that respondent shall, within ten days of the date of this decision and order, serve a copy of same, with notice of entry, upon petitioner as well as the Clerk of the Court (60 Centre Street, Room 141B), who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision, order, and judgment of the Court.

| **5/15/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158493/2023   JAMES M. HADDAD vs. BRAGG JR., ALVIN L**
**Motion No. 001**

**Page 7 of 7**

7 of 7